**UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS**

**FOR THE**

**DISTRICT OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| Wilnick Dorval ) | |
|     Plaintiff ) | |
|     v. ) | Case No. 2017-37 |
| Jefferson Beauregard Sessions, et al, ) | |
|     Defendants ) | |

**PLAINTIFF WILNICK DORVAL'S SECOND MOTION FOR PRELIMINARY AND PERMANENT RESTRAINING ORDER, AND INJUNCTION**

COMES NOW, Plaintiff, Wilnick Dorval, *Pro Se*, moves this Honorable Court pursuant to Rule 65 of Federal Rule of Civil Procedures to issue a Preliminary and Permanent Restraining Order and injunctive reliefs on defendants US Department of Justice (DOJ), Security and Exchange Commission (SEC); District Attorney's Office for the Southern District of New York ("SDNY") Federal Bureau of Investigation ("FBI"); Immigration and Customs Enforcement ("ICE"); Jefferson Sessions; Rod Rosenstein; Joon Kim; Joan Laughname; Andrew McCabe; Jay Clayton; Thomas Homan; Joseph Demarest; William Sweeney Jr; Nicholas Gus; Frank Fabio; and other unknown federal agents to enjoin Defendants from taking any further unlawful and inappropriate actions to deprive me directly or indirectly because of my race and national origin my rights under the Fourth, Fifth, Eighth and Thirteenth Amendment, and equal protection of the laws, or of equal privileges and immunities under civil right conspiracy statute 42 USC §§ 1985 (3), 1986 and civil right statue  42 USC §§ 1981, 1982, and 2000(a), including my right

1

adequate medical care. Defendants willfully, maliciously conspired, planned and agreed with St. Mary's Medical Center ("St. Mary's"), St. Mary's paid agents, servants and/or employees to disconnect and/or turn-off vital medical equipment after surgery and not providing me sufficient discharge information. Their purpose is to force me through such harassment and intimidation out of the United States because of my race "Black" and national origin "Haitian" and prevent from seeking the equal protection of the laws and from enjoying the equal rights, privileges and immunities of citizens under the laws of speech, religion, movement, association and assembly; my right to petition the government for redress of grievances; my right to be represented by counsel; my rights to be secure in my persons and my home; and my right not to be enslaved nor deprived of life and liberty other than by due process of law.

**THIS COURT HAS BOTH SUBJECT MATTER AND PERSONAL JURISDICTIONS FOR CLAIMS ALLEGING VIOLATIONS OF CONSTITUONAL RIGHTS**

The United States District Court of the Virgin Islands for the Division of St. Thomas and St. Johns has subject matter jurisdictions over this action pursuant to 28 U.SC §1331, §1332, §1343, §1346(b), 42 USC. 3613, and 48 USC § 1612(a), 1964 (c). The claims arose under the laws of the United States, specifically 42 U.S.C. § 1981-1986, 42 U.S.C § 2000a, the Fair Housing Act of 1968, the federal Racketeering Influenced and Corrupt Organizations Act 18 U.S.C., § 1961 et seq., ("RICO"), and Private Nuisance and other laws and policies of the United States and the Territory of the Virgin Islands.

**STANDARD FOR GRANTING PRELIMINARY RESTRAINING ORDER**

This Court should grant plaintiff's motion for preliminary and permanent restraining order and injunctive reliefs because I have established all four elements for preliminary injunction including a prima facie case and irreparable injury requirements for injunctive relief that are supported by evidence and affirmation. (Affirm. No. 2017-37, ECF No. 34-1). Plaintiffs seeking injunctive relief must establish that (1) they are likely to succeed on the merits of their claims (2) they are likely to suffer irreparable harm without relief (3) the balance of harms favors them, and (4) relief is in the public interest. *Issa v. School District of Lancaster*, 2017 WL 393164, at *6 (3d Cir. 2017). Further, to establish the requirement for injunctive relief "the movant needs only prove a "prima facie case," not a 'certainty' she'll win." Id. The movant needs to only demonstrate a reasonable probability of success. Id.

## SUMMARY OF FACTS

Defendants DOJ, SEC, FBI and ICE's meritless and malicious civil and criminal investigations of me have stalled and are going nowhere because the foundation of defendants' investigations is built on racial prejudice, racism, stereo type of black people, lies, and conjunctures without any evidence (in other word a pile of manures). As such, defendants abandoned their values, principals, norms, ethics, and morals, for criminal and nefarious schemes and Ku Klux Klan tactics that are outside of the United States Constitution, laws, regulations and policies. Defendants FBI's and ICE's official and unofficial agents, Joseph Demarest, Nicholas Gus and Frank Fabio and other agents negligently, recklessly, willfully and maliciously conspired, planned and agreed with St. Mary's, St. Mary's paid agents, servants and/or employees to disconnect and/or turn-off vital medical equipment including, oxygen and

3

intravenous fluid and make excessive noise disturbances to deprive me of adequate medical care and force me out of the United States because of my race and national origin.

Defendants DOJ, FBI, ICE, SEC, District Attorney's Office for the SDNY; Jefferson Beauregard Sessions III; Rod Rosenstein, Preetinder Singh "Preet" Bharara; Joon H. Kim; Joan Laughnane; James Comey; Andrew G. McCabe; Mary Jo White; Jay Clayton; Michael S. Piwowar; Kara M. Stein; William F. Sweeney Jr; Thomas D. Homan, Joseph Demarest, and Frank Fabio each a supervisory official of the DOJ, FBI, ICE, SEC and the District Attorney's of Office for the Southern District of New York, driven by their common hatred and racial animus toward me willfully and maliciously authorized, funded, assisted, counseled, facilitated and supervised defendants Joseph M. Demarest, Nicholas Gus and Frank Fabio s' inappropriate and unlawful investigation schemes based on Ku Klux Klan tactics to intimidate, harass, assault and cause me grave injuries.

April 21, 2017, I was admitted at St. Mary's Hospital in West Palm Beach, Florida to have facial and eye surgery. I paid to stay overnight at the hospital to receive medication. (Exhibit A). The FBI's and ICE's official and unofficial agents Joseph Demarest, Nicholas Gus and Frank Fabio conspired, planned and agreed with paid St. Mary's Hospital's agents, servants and/or employees, acting with the scope of employment, and others to purposely and deliberately disconnect and/or turn-off vital medical equipment and make excessive noise disturbances to deprive me of necessary medical care and rest. The St. Mary's medical staff recognized me and were aware that I am originally from Haiti. I woke up from anesthesia around 9 p.m., the nurse on duty made a status report of my vital signed and provided me with water and pain killers. Around 11 p.m. I noticed that all the electronic equipment were disconnected and/or turned

off, including the oxygen and intravenous fluid. I immediately contacted the nurse and informed her that the oxygen tube that was assisting me to breath was not working properly. The nurse informed me that she will replace the intravenous fluid soon. However, the nurse did not return until 2 a.m. to replace the intravenous fluid and turned on the equipment. (Affirm. No. 2017-37, ECF No. 34-1).

They deliberately and purposely made loud banging noises from the moment I woke up from anesthesia until I left the hospital around 12 p.m., the next day. The excessive noise disturbances prevented me from getting any sleep or rest. (Affirm. No. 2017-37, ECF No. 34-1).

In addition, St. Mary's paid hospital's staff deliberately and purposely failed to provide me with the necessary discharged information. The hospital's staff did not provide any of the doctors' addresses. (Affirm. No. 2017-37, ECF No. 34-1).

The agents took unlawful and inappropriate acts to intimidate and harass me. This pattern and practice was accomplished in willful and reckless disregard to the Constitutional civil rights of private citizens and did as a foreseeable consequence violate my civil right.

**I WILL SUCCEED ON ALL CLAIMS AGAINST THE DEFENDANTS BECAUSE THEY CONTINUE TO VIOLATE MY CONSTIUTIONAL RIGHTS**

42 U.S.C. § 1985

Defendants violated 42 U.S.C. § 1985, when they willfully, and maliciously conspired, planned, and agreed with St. Mary's Medical Center, St. Mary 's paid agents, servants and/or employees to disconnect and/or turn-off vital medical equipment including oxygen and

intravenous fluid and make excessive noise disturbances to prevent me from receiving adequate medical care after facial and eye surgery to intimidate and force me out of the United States because of my race and national origin.

42 U.S.C. § 1985 imposes civil liability on persons conspiring to deprive another person or class of person of the equal protection of the laws, or the equal privileges and immunities under the laws. Section 42 U.S.C § 1985 (Conspiracy to interfere with civil right) states in part:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protections of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws: or if two or more persons conspire to prevent by force, intimidation, threat, any citizen who is lawfully entitled to vote.

42 U.S.C. § 1985. The Supreme Court declared that Section 1985 is applicable to both private and governmental conspiracy to interfere with Constitutional rights. *Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1790, 29 L. Ed2d. 338 (1971). To a state a claim under section 1985, a plaintiff must establish: (1) a conspiracy (2) for the purpose of depriving, either directly or indirectly any person or class of persons of the equal protections of the laws, or of equal privileges and immunities under the laws (3) an act in furtherance of the conspiracy (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. Griffin, 91 S.Ct. 1970, 1998, 403 U.S. 88, 29 L. Ed.2d 338 (1971), *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997), *Richardson v. Miller*, 446 F.2d 1247, 1249 (3d Cir. 1971). Defendants FBI and ICE agents Joseph Demarest, Nicholas Gus, Frank Fabio and other agents negligently, recklessly, callously, willfully, and maliciously conspired, planned and

agreed with St. Mary's, St. Mary's paid agents, servants and/or employees, to disconnect and/or turn-off vital medical equipment including oxygen and intravenous fluid and make excessive noise disturbances. In pursuant of their conspiracy, St. Mary's nurse deliberately and purposely disconnected and/or turn off the oxygen and intravenous fluid from 11 p.m. through 2 a.m.   In pursuant of their conspiracy St. Mary's agents, servants, and/or employees deliberately and purposely made excessive noise disturbances from 9 p.m. through 12 p.m. the next day and they purposely and deliberately failed to provide me with the correct discharge information. St. Mary's medical staff recognized me and knew that I am originally from Haiti.

Their purpose is to prevent me through such harassment and intimidation from obtain adequate medical care and force me out the United States because of my race and national origin and from seeking the equal protection of the laws of speech, religion, movement, association and assembly. Consequently, I suffered humiliation, anxiety, worries, mental anguish and severe migraine, physical and emotional pains. I observed that patients who are not members of the protected received the full benefit and enjoyment of St. Mary's.

In *Fisher v. Shamburg*, 624 F.2d 156 (10th Cir. 1980), the court held that racially motivated conspiracy to interfere with one's enjoyment of a place of public accommodation constitutes a badge of slavery which is a deprivation of equal privileges and immunities under 42 U.S.C. §1985 (3). In that case, a group of hoodlums operating in the fashion of the Ku Klux Klan made insulting racial remarks and assaulted plaintiff in the parking lot of a restaurant. The court reasoned that Congress had declared its intentions that a racially motivated interference with one's right to enjoy places of public accommodation constitutes such a badge of slavery and that defendants' conspiracy to assault him deprived him of the right to enjoy the

7

accommodation offered by the restaurant. Like defendants in Fisher, defendants here conspired, planned and agreed with St. Mary's agents, servants, and/or employees to purposely and deliberately disconnect and/or turn-off vital medical equipment including, oxygen and intravenous fluid as such they deprived me of my right to receive adequate medical care, and enjoy the full benefit and privileges of St. Mary's in the same terms and conditions as patients who are not member of the protected class. But in my case defendants' racial animus and interference with my constitutional right are even more lethal because St. Mary's acts and omissions are aided, abetted and supervised by federal agents of the FBI and ICE, Joseph Demarest, Nicholas Gus and Frank Fabio acting like a group of hoodlums operating in the fashion of the Ku Klux Klan under the color of federal law. Accordingly, defendants violated Section 1985(3) when they conspired to disconnect and/or turn off vital medical equipment and make excessive noise disturbances.

42 U.S.C. § 1986 (Action for neglect to prevent)

     42 U.S.C. § 1986 provides an additional safeguard for those rights protected under 42 U.S.C. § 1985. 42 U.S.C. § 1986 provides that:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendant in the action…

42 U.S.C. § 1986. To state a claim a plaintiff must established that (1) the defendant had actual knowledge of a § 1985 conspiracy, (2) the defendant had the power to prevent or aid in

preventing the commission of a § 1985 conspiracy, and (4) a wrongful act was committed. *Clark v. Clabaugh*, 20 F.3d 1290, 1295 (3d Cir. 1994).  One, St. Mary's supervisor Gabrielle Finley-Hazle was in positions to prevent the implementation of the conspiracy because she has direct knowledge of the conspiracy because I called several times to the nursing station to complained about the lacked oxygen and intravenous fluid, therefore St. Mary's supervisory staff was informed about my lacked oxygen and intravenous fluid.  Second, supervisory defendants Jefferson Beauregard Sessions, Rod Rosenstein, Preetinder Singh "Preet" Bharara; Joon H. Kim, Joan Laughnane, James Comey, Andrew G. McCabe, Mary Jo White, Jay Clayton, Michael S. Piwowar, Kara M. Stein, William F. Sweeney Jr., Joseph Demarest, Thomas D. Homan and Frank Fabio each a supervisory official of the DOJ, FBI, ICE, SEC and the District Attorney's office for the SDNY were in positions to prevent the implementation of the conspiracy because defendants, authorized, organized, planned, funded, provided indemnity for liability, legal advice, aided, counseled and supervised the activities of federal agents of the FBI and ICE, St. Mary's, St. Mary's agents, servants and/or employees and a gang of individuals in support of their conspiracy to disconnect or turn-off vital medical equipment such as oxygen and intravenous fluid to deprive me of adequate medical care and force me out of the United States. Supervisory defendants neglected and refused to prevent the conspiracy by authorizing, approving, funding, counseling and assisting the FBI, SEC and ICE federal agents, St. Mary's, St. Mary's agents, servants and/or employees and a gang of individuals. October 2016, I went to the U.S. Department of Justice Attorney's Office for District of the Virgin Islands and filed a complaint with the Department of Justice about the unlawful activities of the gang of individuals at Sapphire Village Development and Moe's Fresh Market and provided the DOJ

with a copy of both complaint that I filed. On account of defendants' conducts I have suffered humiliation, worries, anxieties, mental anguish and severe physical and emotional pains.

Violation of Constitutional Right

Defendants have not informed me of any charges against me or place me in formal custody and defendants also have not read me my constitutional right. However, defendants unlawful and inappropriate conducts have significantly limit my liberty, freedom of association, freedom of movement because of the constant and persistent harassment, stalking, threats, excessive noise disturbances, aggravated assault and battery and attempted murder in violation of clearly established constitutional rights of the Fourth Amendment, Fifth Amendment, Thirteenth and Eighth Amendment to the Constitution. *Tennessee v. Garner*, 471 U.S. 1, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985). Defendants acts and omissions deprive and prevent me from accessing restaurants, shopping malls, grocery stores, adequate medical care, church, beach, streets and travel interstates. On account of Defendants acts, I have suffered financial expenses of legal fees and medical fees, reputation harm among members of the community, inability to transact business or obtain employment anywhere, inability to secure credit, and personal pain and suffering.

Bivens Claims

The United States Supreme Court's decision in Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) made it very clear that Federal employees acting under the color of law of Federal law will be held liable for invasion of Constitutional rights. To state a Bivens claim defendant must establish that (1) plaintiff was deprived of a

constitutional right (2) by a federal agent (3) acting under the color of federal authority. Id, *Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir. 2001), *West v. Shultz*, 2014 WL 1668093 *11 (M.D.Pa. 2014). My complaint states that federal agents of the FBI, SEC and ICE, Joseph Demarest, Nicholas Gus, Frank Fabio and other agents deprived me of my right under the First, Fourth, Fifth, Sixth, Eighth, Ninth, Thirteenth and Fourteenth Amendments to the United States Constitution, the Fair Housing Act of 1968, 42 U.S.C § 1981-1985, and 42 U.S.C. §2000a, right to travel and to receive adequate medical care. This deprivation includes, but is not limited to the events leading up to surrounding and including stalking, harassment, excessive noise disturbances, assault and battery at public accommodation places including USPS's facilities, St. Mary's and injuries that I have suffered when defendant conspired to beat me with a deadly weapon, interfered with my right to travel and receive adequate medical care.

Defendants FBI, ICE, Joseph Demarest, Nicholas Gus, Frank Fabio and other federal agents violated clearly established constitutional right when they conspired, planned and agreed with a gang of individuals that they paid to murder me and interfered with my right to adequate medical treatment and travel interstates. Therefore, this claim falls within the scope of longstanding Bivens law. Recently, the Supreme Court in *Ziglar v. Abbasi*, 2017 WL 2621317 at *15 (June 19, 2017), enumerated the framework for deciding whether a claim alleging constitutional violation fall within the scope of Bivens. The Supreme Court stated that: (1) the First Step is for the court to determine whether claim arises in a "new context," that is whether it involves a "new category of defendants," or a significantly different kind of constitutional harm to speech, or a harm caused to physical property; (2) If the claims involved a new context, the court proceeds to Step Two and asks "whether any alternative existing process for

protecting the interest amounts to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages."; (3) If there is none, then the court proceed to Step Three and asked whether there are "any special factors counselling hesitation before authorizing a new kind of federal litigation. Ibid.

The context of this case is not "new", or fundamentally different than previous Bivens cases. First, I am a civilian, not member of the military, I am a citizen of the United States. Second defendants are government official. They are not members of the military or private actors. They are federal agents of the FBI and ICE and Department of Justice officials.

Third, I suffered similar injuries to the plaintiffs in Bivens. Defendants stop me on a public road and assaulted me, then defendant pursued me across the street and hit me with a rock. Further defendants hit me on my head that caused me to fall to the ground and started to kick, punched me while yelling go back to your country. When I recovered from concussion defendants continued to hit me with the rock on my head while I laid on the ground and defendants attempted to drag me from the sidewalk to the housing court and prevented me from escaping. Defendants broke all the bones on the left side of my face, and eye socket. These harms are worse than the harms the plaintiffs suffered in Bivens and Ziglar.  It is well settled law that an officer's application of lethal force when there is no immediate threat to self or others violates the Fourth Amendment. In *Tennessee v. Garner*, 105 S.Ct. 1694, (1985), the Supreme court held that police officer used of lethal force when there is no immediate threat to self or others violates the Fourth amendment.  I was not a threat to defendants or the public because, I was unarmed, committed no crimes, there were six defendants and I was laying on the ground unconscious when defendants continued to hit me with a deadly weapon on my

12

head and face. Furthermore, the court stated that "[t]he Federal Bureau of Investigation… forbid the use of firearms except when necessary to prevent death or grievous bodily arm. Therefore, it was not within defendants' discretion to authorize deadly force. Ibid.

Unlike the plaintiff in Ziglar, I have not been arrested under suspicion of terrorism or national-security emergency. The Supreme Court stated that "[w]henever an officer restrains the freedom of a person to walk away, he has seized that person. *Tennessee v. Garner*, 105 S.Ct. 1694, 1699 (1985). Furthermore, the use of lethal force to stop a felon constitute seizure under the fourth amendment. Id. Defendants targeted me for excessive force to stop me from filling a Supplemental Appendix with the Third Circuit Court because of my race and national origin. Therefore, the context of my claim is not "new" because officer's application of excessive force and unlawful seizure are in lined with Bivens. In addition, defendants also violate my right to be free from illegal discrimination under the Fifth Amendment and defendants committed obstruction of Justice.

*Immunity*

None of the federal employees are entitled to absolute or qualified immunity on any of the claims because they violated clearly established Constitutional rights. Cabinet officers or other high executive officials are not entitled to absolute and/or qualified immunity when they violate clearly established statutory or Constitutional rights of which a reasonable person would have known. In *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct.2806, 86 L.Ed.2d 411 (1985), the Supreme Court explained that the legal right violated must have been established at the time of the challenged actions. The Supreme Court provided a two steps process for determining

whether an official is entitled to qualified immunity. *Addison v. City of Baker City*, 2017 WL 2821942 *9 (D.Or.2017). The first step is to determine whether a constitutional right would have been violated on the fact alleged and the second step is to determine whether the right was clearly established. Id. Further, to determine whether an official's conducts violates clearly established law, "a court must ask whether it would have been clear to a reasonable officer that alleged conduct was unlawful in the situation he confronted." Ziglar 2017 WL 2621317 at *24. In *Mitchell,* 472 U.S. 511, US Attorney General Mitchell authorized a wireless wiretap aimed at gathering intelligence regarding a domestic threat to national security and the Supreme Court concluded that, "the Attorney General is not absolutely immune from suit for damages arising out of his allegedly unconstitutional conduct in performing his national security functions." The Supreme Court explained that Mitchel was not entitled to qualified immunity because he was not acting in a prosecutorial capacity when he authorized the wiretap. Nevertheless, the Supreme Court concluded that Mitchel was entitled to absolute immunity because warrantless wiretap was not clearly established as a violation of the Fourth Amendment when Mitchell acted. In my case, it is well established that an officer's application of lethal force when there is no immediate threat to self or others violates the Fourth Amendment. I was unarmed and on the ground on conscious when defendant continued to beat me with a deadly weapon. Furthermore, defendant' authorization and use of lethal force was not in prosecutorial capacity, it was to stop me from filing a Supplemental Appendix with the Third Circuit Court, which is in of itself a violation of clearly established right to petition the government for grievances and obstruction of justice under the Fifth and Thirteen Amendment

to the Constitution. Therefore, none of the Federal agent and high executive officials are immune from liability for any of the claims.

*Conspiracy*

Defendants conspiracy is among federal agents of the FBI, ICE, DOJ, JetBlue, USPS, St. Mary's Medical Center, Moe's Fresh Market and Sapphire Village Condominium Owners Association, owners, tenants and a gang of individuals to violate clearly established Constitutional rights. Therefore, this not a conspiracy among federal employees of the same branch of the government and in the same department. JetBlue, St. Mary's Medical Center, USPS, Moe's Fresh Market, the Association and some members of the gang of individuals are not part of the executive branch of the government or in the same department. Furthermore, in this case there is no far reaching policy of national security detention. Therefore, they are subject to a private cause of action for damages under all claims including violation of the Fourth, Fifth, Eight, Thirteenth and Fourteenth, section 1985(3) and Bivens. Since the context in this case is not "new" no "special factors" analysis is required.

Racketeer Influenced and Corrupt Organizations Act (RICO)

Defendants violated various provisions of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1962 (b) (c) and (d). The Act imposes civil liability upon persons who commit certain "prohibited activities." Each "prohibited activities" is defined to include, proof of a "pattern of racketeering activity,", 18 U.S.C. § 1962. "Racketeering activity" means "any act or threat involving" specified state-law crimes, any "act" indictable under specified federal statutes and certain federal "offenses.", 18 U.S.C. § 1961 (1). A "pattern"

requires "at least two acts of racketeering activity" within a 10-year period. 18 U.S.C. § 1961 (5). To state a RICO claim plaintiff must establish: (1) existence of an enterprise; (2) that the enterprise affected interstate commerce; (3) that defendant was employed by or associated with the enterprise; (4) that he participated, either directly or indirectly, in the conduct of the affairs of the enterprise; and (5) that he participated through a pattern of racketeering activity. Further, a pattern of racketeering activity requires at least two predicate acts of racketeering. *Aamco Transmissions, Inc. v. Marino*, 1990 WL 106760 (E.D.Pa.1990), *Lum v. Bank of America*, 361 F.3d 217, 223 (3d Cir. 2004). The court stated, "An association in fact consisting of a corporation, its employees, and independent parties may constitute an enterprise for the purpose of RICO." *Aamco Transmissions, Inc.,* 1990 WL 106760 *3 (E.D.Pa.1990), Further, the court explained that a single scheme is sufficient to satisfy the element of a pattern of racketeering activity, and the nexus with interstate commerce required by RICO is minimal. Id.

  The complaint alleged that ICE SEC and FBI are RICO "enterprise" as defined in 18 U.S.C. § 1961 (4). At all relevant times, the FBI, SEC and ICE were engaged in, and its activities affected, interstate commerce. The FBI and ICE operate offices in multiple states and contract for services across the country and the SEC regulates the securities markets. Further, Defendants were federal employees of the FBI, SEC and ICE at all relevant times. The individual defendants committed and conspired with one another and others to commit, repeated and continuous offenses chargeable under Federal and Territorial law, punishable by imprisonment for more than one year, over the period of time from October 2015 to presently, each of which constitutes "racketeering activity" under 18 U.S.C. § 1961(1)(A), including but not limited to acts or threats involving attempted murder, obstruction of justice and bribery.

Each instance of racketeering activity had similar purpose, namely to intimidate and force me out of the United States while they assist, encourage, protect and conceal the present and future criminal activities of federal agents Joseph Demarest, Nicholas Gus and Frank Fabio and other agents to foster mutual pecuniary gain amongst Joseph Demarest, Nicholas Gus and Frank Fabio and others by bribe and otherwise, and to gain praise, recognition, prestige and social and professional status for Joseph Demarest, Nicholas Gus and Frank Fabio.

Furthermore, The DOJ, FBI, SEC and ICE themselves through their supervisory employees, Jefferson Beauregard Sessions III; Rod Rosenstein; Preetinder Singh "Preet" Bharara; Joon H. Kim; Joan Laughnane; James Comey; Andrew G. McCabe; Joseph M. Demarest; Marie Jo White; Jay Clayton; Michael S. Piwowar; Kara M. Stein; Thomas D. Homan; Nicholas Gus; Frank Fabio were an "aggressor" employer, in that at all relevant times, and as a regular pattern and practice, it willfully disregarded, facilitated and encouraged, by direct actions and by fostering an encouraging environment, added and abated the racketeering and otherwise unlawful acts of Joseph Demarest, Nicholas Gus, Frank Fabio and others and the collective unlawful acts

I am injured by defendants' individual and collective violations of 18 U.S.C. § 1962, as described above. As such, I suffered, among other pecuniary losses, loss of wages and benefits, loss of earning capacity, loss of future business and employment opportunities and a loss of Constitutional rights.

In Aamco Transmissions, Inc., 1990 WL 106760 (E.D.Pa.1990), the court found similar facts as stated above sufficient to state a RICO claim for violations of 18 U.S.C. §§ 1962(b), (c) and (d).

### I WILL SUFFER IRREPERABLE INJURY IF RELIEF IS NOT GRANTED

Defendants FBI and ICE and its federal agents Joseph Demarest, Nicholas Gus, Frank Fabio and others will engage in the same unlawful and inappropriate conducts if I choose a different hospital because defendants purpose is to prevent me obtaining adequate medical care and force me out of the United States. Defendants are federal agents acting under the color of federal law therefore, there is no escape from defendants' callous and reckless behaviors because they can conspire with any other hospital. Therefore, the injury is the fact that Defendants provided access that is not equal to other members of the public who are not members of the protected class. As a consequence, I suffered severe migraine, exhaustion, physical and emotional pains after surgery to repair my face and eye socket. "The cost of constitutional right, for even minimal periods of time, unquestionably constitutes irreparable injury." Elrod v. Burns, 427 U.S. 347, 374, 96 S.Ct.2673, 2690 (1976). Defendants unlawful and inappropriate conducts have deprived and continue to deprive me of my Constitutional rights under the First, Fourth, Fifth, Sixth, Eighth, Night, Thirteenth and Fourteenth Amendments and my right to receive adequate medical care. I will suffer even greater irreparable harm if relief is not granted because defendants have now threatened to shoot me if I don't leave the United States. I previously informed this Court that defendants had threatened to crush my skull and cause me great bodily harm and March 29, 2017, defendants acted on their threats and beat me on my head and face with a deadly weapon. I have no doubt that defendants will shoot me

or run me over with a car if this Court does not grant me relief because I am not leaving St. Thomas whether they like it or not.

### DEFENDANTS WILL NOT BE DEPRIVED OF ANY RIGHTS IF THIS COURT GRANT ME RELIEF

Defendants will not be deprived of any rights, they simply will have to conduct their business, behaviors and investigations in compliance with the United States Constitution.

### THE PUBLIC INTEREST, IF ANY, WEIGHS IN FAVOR OF THE MOVANT

It is in the public interest that this Court should enforced Constitutional civil rights. Specifically, when defendants are federal agents that are acting like hoodlums operating in the fashion of the Ku Klux Klan to deprive me of my constitutional rights. It is 2017 not 1817, these is no place in this society for the Ku Klux Klan tactics that defendants are employing to force me out of my home and country because of my race and national origin.

### REQUEST FOR RELIEF

WHEREFORE, I request the following relief:

1. For Preliminary and Permanent Restraining Order and Injunctive relief including but not limited to, an order enjoining defendants DOJ; ICE; FBI; SEC; District Attorney's Office for the Southern District of New York; Jefferson Beauregard Sessions III; Rod Rosenstein; Jay Clayton; Mary Jo White; Preetinder Singh "Preet" Bharara; Joon H. Kim; Joan Laughnane; James Comey; Andrew G. McCabe; Joseph M. Demarest; William F. Sweeney Jr; Thomas D. Homan; Nicholas Gus; Frank Fabio from taking any steps, to directly or indirectly, interfere with plaintiff, Wilnick Dorval's First, Fourth, Fifth, Sixth, Eighth, Night,

Thirteenth and Fourteenth Amendments rights and Civil Right Act of 1968, 42 U.S.C § 3601-3619, 42 U.S.C. § 1981-1986, 42 U.S.C § 2000a; including my right to adequate medical care.

Dated: August 10, 2017

/s/ Wilnick Dorval

Wilnick Dorval

6700 Sapphire Village

Apt 265

St. Thomas, 00802

Phone: (917) 602-3354

Dorval.wilnick@gmail.com