UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS

FOR THE

DISTRICT OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| Wilnick Dorval | ) | |
| Plaintiff | ) | |
| v. | ) | Case No. 2017-37 |
| Jefferson Beauregard Sessions, et al, | ) | |
| Defendants | ) | |

**PLAINTIFF WILNICK DORVAL'S THIRD MOTION FOR PRELIMINARY AND PERMANENT**

**RESTRAINING ORDER, AND INJUNCTION**

COMES NOW, Plaintiff, Wilnick Dorval, *Pro Se*, moves this Honorable Court pursuant to Rule 65 of Federal Rule of Civil Procedures to issue a Preliminary and Permanent Restraining Order and Injunctive reliefs on defendants JetBlue Airways Corp ("JetBlue"); US Department of Justice (DOJ), Security and Exchange Commission (SEC); Federal Bureau of Investigation ("FBI"); Immigration and Customs Enforcement ("ICE"); Robin Hayes; Joel Peterson; Frank Sica; Jefferson Sessions; Andrew McCabe; Jay Clayton; Joon Kim, Joan Laughname; Thomas Homan; Joseph Demarest; William Sweeney Jr; Nicholas Gus; Frank Fabio; and other unknown federal agents to enjoin Defendants from taking any further unlawful and inappropriate actions to deprive me directly or indirectly because of my race and national origin my rights under the Fourth, Fifth, Eighth and Thirteenth Amendments, and equal protection of the laws, or of equal privileges and immunities under civil right conspiracy statute 42 USC §§ 1985 (3), 1986 and civil right statue 42 USC §§ 1981, 1982, and 2000(a), including my right to travel. Defendants

1

willfully, maliciously conspired, planned and agreed with JetBlue, JetBlue's paid agents, servants and/or employees and a gang of individuals that they paid to harass, commit assault and battery, block my path and make excessive noises at the airport and in the cabin of JetBlue to prevent and intimidate me from traveling interstate. Their purpose is to force me through such force, violence, harassment and intimidation out of the United States because of my race "Black" and national origin "Haitian" and prevent from seeking the equal protection of the laws and from enjoying the equal rights, privileges and immunities of citizens under the laws of speech, religion, movement, association and assembly; my right to petition the government for redress of grievances; my right to be represented by counsel; my rights to be secure in my persons and my home; and my right not to be enslaved nor deprived of life and liberty other than by due process of law.

## THIS COURT HAS BOTH SUBJECT MATTER AND PERSONAL JURISDICTIONS FOR CLAIMS ALLEGING VIOLATIONS OF CONSTITUONAL RIGHTS

The United States District Court of the Virgin Islands for the Division of St. Thomas and St. Johns has subject matter jurisdictions over this action pursuant to 28 U.SC §1331, §1332, §1343, §1346(b), 42 USC. 3613, and 48 USC § 1612(a), 1964 (c). The claims arose under the laws of the United States, specifically 42 U.S.C. § 1981-1986, 42 U.S.C § 2000a, the Fair Housing Act of 1968, the federal Racketeering Influenced and Corrupt Organizations Act 18 U.S.C., § 1961 et seq., ("RICO"), and Private Nuisance and other laws and policies of the United States and the Territory of the Virgin Islands.

## STANDARD FOR GRANTING PRELIMINARY AND PERMANENT RESTRAINING ORDER

This Court should grant plaintiff's motion for preliminary and permanent restraining order and injunctive reliefs because I have established all the elements for preliminary injunctive reliefs including a prima facie case and irreparable injury requirements for injunctive relief that are supported by evidence and affirmation. (Affirm. No. 2017-37, ECF No. 36-1). Plaintiffs seeking injunctive relief must establish that (1) they are likely to succeed on the merits of their claims (2) they are likely to suffer irreparable harm without relief (3) the balance of harms favors them, and (4) relief is in the public interest. *Issa v. School District of Lancaster*, 2017 WL 393164, at *6 (3d Cir. 2017). Further, to establish the requirement for injunctive relief "the movant needs only prove a "prima facie case," not a 'certainty' she'll win." Id. The movant needs to only demonstrate a reasonable probability of success. Id.

## SUMMARY OF FACTS

Defendants DOJ, SEC, FBI and ICE's meritless and malicious civil and criminal investigations of me have stalled and are going nowhere because the foundation of defendants' investigations is built on racial prejudice, racism, stereo type of black people, lies, and conjunctures without any evidence (in other word a pile of manures). As such, defendants abandoned their values, principals, norms, ethics, and morals, for criminal and nefarious schemes and Ku Klux Klan tactics that are outside of the United States Constitution, laws, regulations and policies. Defendants FBI's and ICE's official and unofficial agents, Joseph Demarest, Nicholas Gus and Frank Fabio and other agents willfully and maliciously conspired, planned and agreed with JetBlue, JetBlue's paid agents, servants and/or employees, and a gang of individuals that they paid to harass, commit assault and battery, block my path and make

3

excessive noise disturbances at the airport and in JetBlue's cabin to intimidate and prevent me from traveling and force me out of the United States because of my race and national origin.

Defendants DOJ, FBI, ICE, SEC, District Attorney's Office for the Southern District of New York; Jefferson Beauregard Sessions III; Rod Rosenstein; Preetinder Singh "Preet" Bharara; Joon H. Kim; Joan Laughnane; James Comey; Andrew G. McCabe; Mary Jo White; Jay Clayton; Michael S. Piwowar; Kara M. Stein; William F. Sweeney Jr; Thomas D. Homan, Joseph Demarest, and Frank Fabio each a supervisory official of the DOJ, FBI, ICE, SEC and the District Attorney's of Office for the Southern District of New York,  driven by their common hatred and racial animus toward me willfully and maliciously authorized, funded, assisted, counseled, facilitated and supervised defendants Joseph M. Demarest, Nicholas Gus and Frank Fabio s' inappropriate and unlawful investigation schemes based on Ku Klux Klan tactics to intimidate, harass, assault and cause me grievous injuries.

Defendants stalked, harassed, assaulted and intimidated me during my flight to and from Fort Lauderdale Florida and St. Thomas, U.S. Virgin Islands. Specifically, April 3, 2017, in pursuant of their conspiracy the passenger sitting on the right side of me deliberately and purposely hit me with his elbow continuously during the flight from San Juan, Puerto Rico to Fort Lauderdale International. Further, May 1, 2017, in pursuant of their conspiracy JetBlue's agent, servant and/or employee Leonard acting within the scope of his employment deliberately and purposely made excessive noise disturbances by my seat area during the entire flight from Fort Lauderdale International to San Juan, Puerto Rico. Furthermore, defendants stationed a dog next to me when boarding the flight to St. Thomas thereby terrorizing me to the utmost degree. JetBlue's agents, servants and/or employees and the gang of individuals

4

recognized me and knew that I am originally from Haiti. They yelled at me "go back to your country" repeatedly. (Affirm. No. 2017-37, ECF No. 36-1).

May 9, 2017, I filed a complaint with the U.S. Department of Transportation Aviation/Consumer Protection Division and JetBlue Airways Corp's customer support about the illegal and unconstitutional conducts and behaviors of JetBlue's agents, servants and/or employees and the gang of individuals during my flight from/to St. Thomas and Fort Lauderdale International. However, defendants retaliated against me for complaining about their racist treatment on my next flight from Fort Lauderdale to St. Thomas.

May 23, 2017, I travelled from Fort Lauderdale to St. Thomas and defendants again conspired, planned and agreed with JetBlue's agents, servants and/or employees, a gang of individuals that they paid to block my path  and again unleashed a dog at me at airport security thereby terrorizing me to the utmost degree and JetBlue's agents, servants and/or employees deliberately and purposely refused to provide me with correct information on how to obtain my luggage that defendant JetBlue took from me before I boarded the plane from Fort Lauderdale International to Puerto Rico and provided me a ticket. When I arrived in Puerto Rico, there was no one there to provide me the pack-pack and I asked the agents several times where I can obtain my backpack and she said, "baggage claims" when I could not find it at baggage claim I returned to the agent and she said, "it will be in St. Thomas because I had a transfer ticket." However, that is nonsense, I never provided the agent who took my backpack with my flight itinerary and she only provided me a ticket to collect my bag. Therefore, she did not know that I had a transfer ticket. When I arrived in St. Thomas before exiting the plane I asked the flight attendant where I can retrieve my backpack again she stated, "it will be at

baggage claim" but it was not at baggage claim and I still do not have my luggage. Such services were available to customers who are not members of the protected class who received full benefits and were treated better. (Affirm. No. 2017-37, ECF No. 36-1).

I planned to take a JetBlue Flight in September 19, 2017, to visit my cousin in Florida and I will be subjected to the same pattern of criminally aggressive behaviors, predatory conducts and harassment by FBI's and ICE's official and unofficial agents Joseph Demarest, Nicholas Gus and Frank Fabio, JetBlue and JetBlue's agents, servants and/or employees at the airports and inside the plane.

## I WILL SUCCEED ON ALL CLAIMS AGAINST THE DEFENDANTS BECAUSE THEY CONTINUE TO VIOLATE MY CONSTITUTIONAL RIGHTS

### 42 U.S.C. § 1985

Defendants violated 42 U.S.C. § 1985, when they willfully, and maliciously conspired, planned, and agreed with JetBlue, JetBlue's paid agents, servants and/or employees and a gang of individuals they paid to harass, commit assault and battery, block my path, make excessive noise disturbances to intimidate, and prevent me from traveling interstates and force me out of the United States because of my race and national origin.

42 USC § 1985 imposes civil liability on persons conspiring to deprive another person or class of person of the equal protection of the laws, or the equal privileges and immunities under the laws. The Supreme Court declared that Section 1985 is applicable to both private and governmental conspiracy to interfere with the right of interstate travel. *Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1790, 29 L. Ed2d. 338 (1971). To a state a claim under section 1985, a

plaintiff must establish: (1) a conspiracy (2) for the purpose of depriving, either directly or indirectly any person or class of persons of the equal protections of the laws, or of equal privileges and immunities under the laws (3) an act in furtherance of the conspiracy (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. Griffin, 91 S.Ct. 1970, 1998, 403 U.S. 88, 29 L. Ed.2d 338 (1971), *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997), *Richardson v. Miller*, 446 F.2d 1247, 1249 (3d Cir. 1971). Defendants FBI and ICE agents Joseph Demarest, Nicholas Gus, Frank Fabio and other agents willfully, and maliciously conspired, planned and agreed with JetBlue, JetBlue's paid agents, servants and/or employees, and a gang of individuals that they paid to harass, commit assault and battery, and make excessive noise disturbances. In pursuant of their conspiracy the individual seating next to me purposely and deliberately hit me with his elbow continuously during my flight from St. Thomas to Fort Lauderdale International. In pursuant of their conspiracy JetBlue's agents, servants, and/or employees, including the flight attendant Leonard deliberately and purposely slammed the lockers, pot, pens and overhead bens creating massive noise disturbances by my seat area for the entire duration of my return flight from Fort Lauderdale to St. Thomas. JetBlue's agents, servants and/or employees and the gang of individuals recognized me and knew that I am originally from Haiti. As such they yelled "go back to your country". In pursuant of their conspiracy the gang of individuals deliberately and purposely hit me with bags, blocked my path and unleashed dog on me, thereby terrorizing me to the utmost degree prior to boarding my flight from Puerto Rico to St. Thomas.

Furthermore, defendant JetBlue retaliated against because I filed a formal complaint with the U.S. Department of Transportation Aviation and JetBlue's customer support by

employing the same Ku Klux Klan tactic when I took another flight from Fort Lauderdale to St. Thomas. May 23, 2017, pursuant to their conspiracy defendants deliberately and purposely blocked my path, unleashed dog on me again at airport security. Finally, in pursuant of their conspiracy JetBlue's flight agents took my luggage and purposely and deliberately refused to provide me with accurate information and failed to provide me my luggage. Their purpose is to prevent me through such force, violence, harassment and intimidation to travel interstate and force me out the United States because of my race and national origin and from seeking the equal protection of the laws of speech, religion, movement, association and assembly. Consequently, I suffered humiliation, anxiety, worries, mental anguish, severe migraine and severe physical and emotional pains and will continue to suffer with worries, anxiety, mental anguish severe migraine and severe physical and emotional pains each time that I travel if relief is not granted. I observed that customers that are not members of the protected class were not subjected to any of these criminal activities and received the full benefit and enjoyment of JetBlue's services.

In *Fisher v. Shamburg*, 624 F.2d 156 (10th Cir. 1980), the court held that racially motivated conspiracy to interfere with one's enjoyment of a place of public accommodation constitutes a badge of slavery which is a deprivation of equal privileges and immunities under 42 USC §1985 (3). In that case, a group of hoodlums operating in the fashion of the Ku Klux Klan made insulting racial remarks and assaulted plaintiff in the parking lot of a restaurant. The court reasoned that Congress declared its intentions that a racially motivated interference with one's right to enjoy places of public accommodation constitutes such a badge of slavery and that defendants' conspiracy to assault him deprived him of the right to enjoy the accommodation

offered by the restaurant. Like defendants in Fisher, defendants here conspired, planned and agreed to harass, commit assault and battery, block my path, make excessive noise disturbances, refuse to provide me my luggage and accurate information. As such defendants deprived me of my right to enjoy the benefit and privileges of JetBlue in the same terms and conditions as customers who are not member of the protected class. But in my case defendants' racial animus and interference with my constitutional right are even more lethal because JetBlue's acts and omissions are aided, abetted and supervised by federal agents of the FBI and ICE, Joseph Demarest, Nicholas Gus and Frank Fabio acting like a group of hoodlums operating in the fashion of the Ku Klux Klan under the color of federal law. Accordingly, defendants violated Section 1985(3) when they conspired to harass, commit assault and battery, block my path, make excessive noise disturbances and refuse to provide me my luggage and accurate information.

## 42 U.S.C. § 1986 (Action for neglect to prevent)

42 U.S.C. § 1986 provides an additional safeguard for those rights protected under 42 U.S.C. § 1985. To state a claim a plaintiff must established that (1) the defendant had actual knowledge of a § 1985 conspiracy, (2) the defendant had the power to prevent or aid in preventing the commission of a § 1985 conspiracy, and (4) a wrongful act was committed. *Clark v. Clabaugh*, 20 F.3d 1290, 1295 (3d Cir. 1994). One, JetBlue's supervisors Robin Hayes, Joel Peterson, Frank Sica were in positions to prevent the implementation of the conspiracy because they have direct knowledge of the conspiracy because May 9, 2017, I filed a complaint with the U.S. Department of Transportation Aviation and JetBlue's customer support about defendants' unlawful and inappropriate conducts. Second, supervisory defendants Jefferson Beauregard

Sessions, Rod Rosenstein, Preetinder Singh "Preet" Bharara; Joon H. Kim, Joan Laughnane, James Comey, Andrew G. McCabe, Mary Jo White, Jay Clayton, Michael S. Piwowar, Kara M. Stein, William F. Sweeney Jr., Joseph Demarest, Thomas D. Homan and Frank Fabio each a supervisory official of the DOJ, FBI, ICE, SEC and the District Attorney's office for the Southern District of New York were in positions to prevent the implementation of the conspiracy because defendants, organized, planned, funded, provided indemnity for liability, legal advice, aided, counseled and supervised the activities of federal agents of the FBI and ICE, JetBlue, JetBlue's agents, servants and/or employees and a gang of individuals in support of their conspiracy to harass, commit assault and battery, block my path, make excessive noise disturbances, refuse to provide me my luggage and accurate information to intimidate and prevent me from traveling interstate and force me out of the United States. Supervisory defendants neglected and refused to prevent the conspiracy by authorizing, approving, funding, counseling and assisting the FBI, SEC and ICE federal agents, JetBlue, JetBlue's agents, servants and/or employees and a gang of individuals. October 2016, I went to the U.S. Department of Justice Attorney's Office for District of the Virgin Islands and filed a complaint with the Department of Justice about the unlawful activities of the gang of individuals at Sapphire Village Development and Moe's Fresh Market and provided the DOJ with a copy of both complaint that I filed. On account of defendants' conducts I have suffered humiliation, worries, anxieties, mental anguish severe migraine, and severe physical and emotional pains.

Violation of Constitutional Right

Defendants have not informed me of any charges against me or place me in formal custody and defendants also have not read me my constitutional right. However, defendants

unlawful and inappropriate conducts have significantly limit my liberty, freedom of association, freedom of movement because of the constant and persistent harassment, stalking, threats, excessive noise disturbances, aggravated assault and battery and attempted murder in violation of clearly established constitutional rights of the Fourth, Fifth, and Eighth, and Thirteenth Amendments to the Constitution. *Tennessee v. Garner*, 471 U.S. 1, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985). Defendants acts and omissions deprive and prevent me from accessing restaurants, shopping malls, grocery stores, adequate medical care, church, beach, streets and travel interstates. On account of Defendants acts, I have suffered financial expenses of legal fees and medical fees, reputation harm among members of the community, inability to transact business or obtain employment anywhere, inability to secure credit, and personal pain and suffering.

Bivens Claims

The United States Supreme Court's decision in Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) made it very clear that Federal employees acting under the color of law of Federal law will be held liable for invasion of Constitutional rights. To state a Bivens claim defendant must establish that (1) plaintiff was deprived of a constitutional right (2) by a federal agent (3) acting under the color of federal authority. Id, *Brown v. Philip Morris Inc*., 250 F.3d 789, 800 (3d Cir. 2001), *West v. Shultz*, 2014 WL 1668093 *11 (M.D.Pa. 2014).  My complaint states that federal agents of the FBI, SEC and ICE, Joseph Demarest, Nicholas Gus, Frank Fabio and other agents deprived me of my right under the First, Fourth, Fifth, Sixth, Eighth, Ninth, Thirteenth and Fourteenth Amendments to the United States Constitution, the Fair Housing Act of 1968, 42 U.S.C § 1981-1985, and 42 U.S.C. §2000a, right to travel and to receive adequate medical care. This deprivation includes, but is not limited to the

11

events leading up to surrounding and including stalking, harassment, excessive noise disturbances, assault and battery at public accommodation places including USPS's facilities, St. Mary's and injuries that I have suffered when defendant conspired to beat me with a deadly weapon, interfered with my right to travel and receive adequate medical care.

Defendants FBI, ICE, Joseph Demarest, Nicholas Gus, Frank Fabio and other federal agents violated clearly established constitutional right when they conspired, planned and agreed with a gang of individuals that they paid to murder me and interfered with my right to adequate medical treatment and travel interstates. Therefore, this claim falls within the scope of longstanding Bivens law. Recently, the Supreme Court in *Ziglar v. Abbasi*, 2017 WL 2621317 at *15 (June 19, 2017), enumerated the framework for deciding whether a claim alleging constitutional violation fall within the scope of Bivens. The Supreme Court stated that: (1) the First Step is for the court to determine whether claim arises in a "new context," that is whether it involves a "new category of defendants," or a significantly different kind of constitutional harm to speech, or a harm caused to physical property; (2) If the claims involved a new context, the court proceeds to Step Two and asks "whether any alternative existing process for protecting the interest amounts to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages."; (3) If there is none, then the court proceed to Step Three and asked whether there are "any special factors counselling hesitation before authorizing a new kind of federal litigation. Ibid.

The context of this case is not "new", or fundamentally different than previous Bivens cases. First, I am a civilian, not member of the military, I am a citizen of the United States.

12

Second defendants are government official. They are not members of the military or private actors. They are federal agents of the FBI and ICE and Department of Justice officials.

Third, I suffered similar injuries to the plaintiffs in Bivens when defendants stop me on a public road and assaulted me, then defendant pursued me across the street and hit me with a rock. Further defendants hit me on my head that caused me to fall to the ground and started to kick, punched me while yelling go back to your country. When I recovered from concussion defendants continued to hit me with the rock on my head while I laid on the ground and defendants attempted to drag me from the sidewalk to the housing court and prevented me from escaping. Defendants broke all the bones on the left side of my face, and eye socket. These harms are worse than the harms the plaintiffs suffered in Bivens and Ziglar, I am suffering with severe migraine, disfiguration, permanent damage to my eyes socket, worries, anxieties, humiliation and severe physical and emotional pains.  It is well settled law that an officer's application of lethal force when there is no immediate threat to self or others violates the Fourth Amendment. In *Tennessee v. Garner*, 105 S.Ct. 1694, (1985), the Supreme court held that police officer used of lethal force when there is no immediate threat to self or others violates the Fourth amendment.  I was not a threat to defendants or the public because, I was unarmed, committed no crimes, there were six defendants and I was laying on the ground unconscious when defendants continued to hit me with a deadly weapon on my head and face. Furthermore, the court stated that "[t]he Federal Bureau of Investigation… forbid the use of firearms except when necessary to prevent death or grievous bodily arm. Therefore, it was not within defendants' discretion to authorize deadly force. Id.

13

Unlike the plaintiff in Ziglar, I have not been arrested under suspicion of terrorism or national-security emergency. The Supreme Court stated that "[w]henever an officer restrains the freedom of a person to walk away, he has seized that person. *Tennessee v. Garner*, 105 S.Ct. 1694, 1699 (1985). Furthermore, the use of lethal force to stop a felon constitute seizure under the fourth amendment. Id. Defendants targeted me for excessive force to stop me from filling a Supplemental Appendix with the Third Circuit Court because of my race and national origin. Therefore, the context of my claim is not "new" because officer's application of excessive force and unlawful seizure are in lined with Bivens. In addition, defendants also violated my right to be free from illegal discrimination under the Fifth Amendment and defendants committed obstruction of Justice.

*Immunity*

None of the federal employees are entitled to absolute or qualified immunity on any of the claims because they violated clearly established Constitutional rights. Cabinet officers or other high executive officials are not entitled to absolute and/or qualified immunity when they violate clearly established statutory or Constitutional rights of which a reasonable person would have known. In *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct.2806, 86 L.Ed.2d 411 (1985), the Supreme Court explained that the Constitutional right violated must have been established at the time of the challenged actions. The Supreme Court provided a two steps process for determining whether an official is entitled to qualified immunity. *Addison v. City of Baker City*, 2017 WL 2821942 *9 (D.Or.2017). The first step is to determine whether a constitutional right would have been violated on the fact alleged and the second step is to determine whether the right was clearly established. Id. Further, to determine whether an official's conducts violates

14

clearly established law, "a court must ask whether it would have been clear to a reasonable officer that alleged conduct was unlawful in the situation he confronted." Ziglar 2017 WL 2621317 at *24. In *Mitchell,* 472 U.S. 511, US Attorney General Mitchell authorized a wireless wiretap aimed at gathering intelligence regarding a domestic threat to national security and the Supreme Court concluded that, "the Attorney General is not absolutely immune from suit for damages arising out of his allegedly unconstitutional conduct in performing his national security functions." The Supreme Court explained that Mitchel was not entitled to qualified immunity because he was not acting in a prosecutorial capacity when he authorized the wiretap. Nevertheless, the Supreme Court concluded that Mitchel was entitled to absolute immunity because warrantless wiretap was not clearly established as a violation of the Fourth Amendment when Mitchell acted. In my case, it is well established that an officer's application of lethal force when there is no immediate threat to self or others violates the Fourth Amendment. *Tennessee v. Garner*, 105 S.Ct. 1694, (1985). I was unarmed and on the ground on conscious when defendant continued to beat me with a deadly weapon. Furthermore, defendant' authorization and use of lethal force was not in prosecutorial capacity, it was to stop me from filing a Supplemental Appendix with the Third Circuit Court, which is in of itself a violation of clearly established right to petition the government for grievances and obstruction of justice under the Fifth and Thirteen Amendments to the Constitution. Therefore, none of the Federal agent and high executive officials are immune from liability for any of the claims.

*Conspiracy*

Defendants conspiracy is among federal agents of the FBI, ICE, DOJ, JetBlue, USPS, St. Mary's Medical Center, Moe's Fresh Market and Sapphire Village Condominium Owners

Association, owners, tenants and a gang of individuals to violate clearly established

Constitutional rights. Therefore, this not a conspiracy among federal employees of the same

branch of the government and in the same department. JetBlue, St. Mary's Medical Center,

USPS, Moe's Fresh Market, the Association and some members of the gang of individuals are

not part of the executive branch of the government or in the same department. Furthermore,

in this case there is no far reaching policy of national security detention. Therefore, they are

subject to a private cause of action for damages under all claims including violation of the

Fourth, Fifth, Eight, Thirteenth and Fourteenth, section 1985(3) and Bivens. Since the context in

this case is not "new" no "special factors" analysis is required.

<u>Racketeer Influenced and Corrupt Organizations Act (RICO)</u>

Defendants violated various provisions of the Racketeer Influenced and Corrupt

Organizations Act (RICO), 18 U.S.C. §§ 1962 (b) (c) and (d). The Act imposes civil liability upon

persons who commit certain "prohibited activities." Each "prohibited activities" is defined to

include, proof of a "pattern of racketeering activity,", 18 U.S.C. § 1962. "Racketeering activity"

means "any act or threat involving" specified state-law crimes, any "act" indictable under

specified federal statutes and certain federal "offenses.", 18 U.S.C. § 1961 (1). A "pattern"

requires "at least two acts of racketeering activity" within a 10-year period. 18 U.S.C. § 1961 (5).

To state a RICO claim plaintiff must establish: (1) existence of an enterprise; (2) that the

enterprise affected interstate commerce; (3) that defendant was employed by or associated

with the enterprise; (4) that he participated, either directly or indirectly, in the conduct of the

affairs of the enterprise; and (5) that he participated through a pattern of racketeering activity.

Further, a pattern of racketeering activity requires at least two predicate acts of racketeering.

*Aamco Transmissions, Inc. v. Marino*, 1990 WL 106760 (E.D.Pa.1990), *Lum v. Bank of America*, 361 F.3d 217, 223 (3d Cir. 2004).  The court stated, "An association in fact consisting of a corporation, its employees, and independent parties may constitute an enterprise for the purpose of RICO." *Aamco Transmissions, Inc.,* 1990 WL 106760 *3 (E.D.Pa.1990), Further, the court explained that a single scheme is sufficient to satisfy the element of a pattern of racketeering activity, and the nexus with interstate commerce required by RICO is minimal. Id.

The complaint alleged that ICE SEC and FBI are RICO "enterprises" as defined in 18 U.S.C. § 1961 (4). At all relevant times, the FBI, SEC and ICE were engaged in, and its activities affected, interstate commerce. The FBI and ICE operate offices in multiple states and contract for services across the country and the SEC regulates the securities markets. Further, Defendants were federal employees of the FBI, SEC and ICE at all relevant times. The individual defendants committed and conspired with one another and others to commit, repeated and continuous offenses chargeable under Federal and Territorial law, punishable by imprisonment for more than one year, over the period of time from October 2015 to presently, each of which constitutes "racketeering activity" under 18 U.S.C. § 1961(1)(A), including but not limited to acts or threats involving attempted murder, obstruction of justice and bribery.

Each instance of racketeering activity had similar purpose, namely to intimidate and force me out of the United States while they assist, encourage, protect and conceal the present and future criminal activities of federal agents Joseph Demarest, Nicholas Gus and Frank Fabio and other agents  to foster mutual pecuniary gain amongst Joseph Demarest, Nicholas Gus and Frank Fabio and others by bribe and otherwise, and to gain praise, recognition, prestige and social and professional status for Joseph Demarest, Nicholas Gus and Frank Fabio.

Furthermore, The DOJ, FBI, SEC and ICE themselves through their supervisory employees, Jefferson Beauregard Sessions III; Rod Rosenstein; Preetinder Singh "Preet" Bharara; Joon H. Kim; Joan Laughnane; James Comey; Andrew G. McCabe; Joseph M. Demarest; Marie Jo White; Jay Clayton; Michael S. Piwowar; Kara M. Stein; Thomas D. Homan; Nicholas Gus; Frank Fabio were an "aggressor" employer, in that at all relevant times, and as a regular pattern and practice, it willfully disregarded, facilitated and encouraged, by direct actions and by fostering an encouraging environment, added and abated  the racketeering and otherwise unlawful acts of Joseph Demarest, Nicholas Gus, Frank Fabio and others and the collective unlawful acts

I am injured by defendants' individual and collective violations of 18 U.S.C. § 1962, as described above. As such, I suffered, among other pecuniary losses, loss of wages and benefits, loss of earning capacity, loss of future business and employment opportunities and a loss of Constitutional rights.

In Aamco Transmissions, Inc., 1990 WL 106760 (E.D.Pa.1990), the court found similar facts as stated above sufficient to state a RICO claim for violations of 18 U.S.C. §§ 1962(b), (c) and (d).

**I WILL SUFFER IRREPERABLE INJURY IF RELIEF IS NOT GRANTED**

Defendants FBI and ICE and its federal agents Joseph Demarest, Nicholas Gus, Frank Fabio and others will engage in the same unlawful and inappropriate conducts if I choose a different carrier to travel because defendants purpose is to prevent me from traveling and force me out of the United States. Defendants are federal agents acting under the color of

federal law therefore, there is no escape from defendants' harassment, intimidation, force and threats at the airport or on the plane because they can conspire with any of the carriers. Therefore, the injury is the fact that Defendants provided access that is not equal to other members of the public who are not members of the protected class. "The cost of constitutional right, for even minimal periods of time, unquestionably constitutes irreparable injury." Elrod v. Burns, 427 U.S. 347, 374, 96 S.Ct.2673, 2690 (1976). Defendants unlawful and inappropriate conducts have deprived and continue to deprive me of my Constitutional rights under the First, Fourth, Fifth, Sixth, Eighth, Night, Thirteenth and Fourteenth Amendments and my right to travel. I will suffer even greater irreparable harm if relief is not ranted because defendants have now threatened to shoot me if I don't leave the United States. I previously informed this Court that defendants had threatened to crush my skull and cause me grievous bodily harm and March 29, 2017, defendants acted on their threats and beat me on my head and face with a deadly weapon. Also, May 7, 2017, two individuals looked directly at me and stated that "you must want to get your brain blowing" after I pick-up copies of a motion for injunctive relief against Sapphire Village Condominium Owners Association, et al. Therefore, I have no doubt that defendants will shoot me or run me over with a car if this Court does not grant me relief because I am not leaving St. Thomas whether they like it or not.

**DEFENDANTS WILL NOT BE DEPRIVED OF ANY RIGHTS IF THIS COURT GRANT ME RELIEF**

Defendants will not be deprived of any rights, they simply will have to conduct their business, behaviors and investigations in compliance with the United States Constitution.

**THE PUBLIC INTEREST, IF ANY, WEIGHS IN FAVOR OF THE MOVANT**

It is in the public interest that this Court should enforced Constitutional civil rights. Specifically, when defendants are federal agents that are acting like hoodlums operating in the fashion of the Ku Klux Klan to deprive me of my constitutional rights.

**REQUEST FOR RELIEF**

WHEREFORE, I request the following relief:

1. For Preliminary and Permanent Restraining Order and Injunctive reliefs including but not limited to, an order enjoining defendants DOJ; SEC; ICE; FBI; JetBlue; Rod Rosenstein; Jefferson Beauregard Sessions III; Jay Clayton; Preetinder Singh "Preet" Bharara; Joon H. Kim; Joan Laughnane; James Comey; Andrew G. McCabe; Joseph M. Demarest;  William F. Sweeney Jr ; Robin Hayes; Joel Peterson; Frank Sica; Thomas D. Homan; Nicholas Gus; Frank Fabio from taking any steps, to directly or indirectly, interfere with plaintiff, Wilnick Dorval's First, Fourth, Fifth, Sixth, Eighth, Night, Thirteenth and Fourteenth Amendments rights and Civil Right Act of 1968, 42 U.S.C § 3601-3619, 42 U.S.C. § 1981-1986, 42 U.S.C § 2000a; including my right to travel.

Dated: August 10, 2017

/s/ Wilnick Dorval

Wilnick Dorval

6700 Sapphire Village

Apt 265

St. Thomas, 00802

Phone: (917) 602-3354

Dorval.wilnick@gmail.com

20