UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS

FOR THE

DISTRICT OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| Wilnick Dorval | ) | |
|     Plaintiff | ) | |
|     v. | ) | Case No. 2017-37 |
| Jefferson Beauregard Sessions, et al, | ) | |
|     Defendants | ) | |

**PLAINTIFF WILNICK DORVAL'S FOURTH MOTION FOR PRELIMINARY AND PERMANENT**

**RESTRAINING ORDER, AND INJUNCTION**

COMES NOW, Plaintiff, Wilnick Dorval, *Pro Se*, moves this Honorable Court pursuant to

Rule 65 of Federal Rule of Civil Procedures to issue a Preliminary and Permanent Restraining

Order and Injunctive Reliefs on defendants US Department of Justice (DOJ); Security and

Exchange Commission (SEC);  Federal Bureau of Investigation ("FBI"); Immigration and Customs

Enforcement ("ICE"); Jefferson Sessions; Rod Rosenstein; Mary Jo White; Jay Clayton; Michael

Piwowar; Kara M. Stein; Joon Kim; Joan Laughname; Thomas Homan; Andrew  McCabe; Joseph

Demarest; William Sweeney Jr; Nicholas Gus; Frank Fabio; and other unknown federal agents

(hereinafter "the government") to enjoin Defendants from taking any further unlawful and

inappropriate actions to deprive me directly or indirectly because of my race and national origin

my rights under the First, Fourth, Fifth, Sixth, Eighth, Thirteenth, Fourteenth and Fifteenth

Amendments, and equal protection of the laws, or of equal privileges and immunities.

Defendants willfully, maliciously conspired, planned and agreed with a gang of individuals that

they paid to harass, commit assault and battery, block my path and make excessive noises; hit

me repeatedly with cars and used vulgar language at church.  Their purpose through such force,

violence, harassment and intimidation is to force me out of the United States because of my

race "Black" and national origin "Haitian" and prevent from seeking the equal protection of the

laws and from enjoying the equal rights, privileges and immunities of citizens under the laws of

speech, religion, movement, association and assembly; my right to petition the government for

redress of grievances; my right to be represented by counsel; my rights to be secure in my

persons and my home; and my right not to be enslaved nor deprived of life and liberty other

than by due process of law.

**THIS COURT HAS BOTH SUBJECT MATTER AND PERSONAL JURISDICTIONS FOR CLAIMS**

**ALLEGING VIOLATIONS OF CONSTITUONAL RIGHTS**

The United States District Court of the Virgin Islands for the Division of St. Thomas and

St. Johns has subject matter jurisdictions over this action pursuant to 28 U.SC §1331, §1332,

§1343, §1346(b), 42 USC. 3613, and 48 USC § 1612(a), 1964 (c). The claims arose under the laws

of the United States, specifically, the First, Fifth, Sixth and Fifteenth Amendments, Religious

Freedom Act, the Voting Right Act, the federal Racketeering Influenced and Corrupt

Organizations Act 18 U.S.C., § 1961 et seq., ("RICO"), and other laws and policies of the United

States and the Territory of the Virgin Islands.

**STANDARD FOR GRANTING PRELIMINARY RESTRAINING ORDER**

This Court should grant plaintiff's motion for preliminary and permanent restraining

order and injunctive reliefs because I have established all four elements for injunctive relief,

2

including a prima facie case and irreparable injury requirements for injunctive relief that are supported by evidence and affirmation. (Affirm. No. 2017-37, ECF No. 38-1). Plaintiffs seeking injunctive relief must establish that (1) they are likely to succeed on the merits of their claims (2) they are likely to suffer irreparable harm without relief (3) the balance of harms favors them, and (4) relief is in the public interest. *Issa v. School District of Lancaster*, 2017 WL 393164, at *6 (3d Cir. 2017). Further, to establish the requirement for injunctive relief "the movant needs only prove a "prima facie case," not a 'certainty' she'll win." Id. The movant needs to only demonstrate a reasonable probability of success. Id.

## SUMMARY OF FACTS

### Government Interference with Attorney-Client Relationship

The FBI's and ICE's official and unofficial agents, Joseph Demarest, Nicholas Gus, Frank Fabio and others willfully and maliciously conspired, planned and agreed with a gang of individuals that the paid, including my neighbors from Sapphire Village Development to follow me to the law office of Robert A. Eberhart in Charlotte Amelie, St. Thomas. Each time, that I went to visit my attorney, the FBI's and ICE's official and unofficial agents and the gang of individuals deliberately and purposely made threats, blocked my path, stalked, harassed, exaggerated their movement, flicked their head wildly, when I am walking on the sidewalk. Their purpose is to prevent me from retaining counsel of my choice.

For example, November 20, 2015, I visited Robert A Eberhart, in Charlotte Amelie for legal advice about these unlawful activities and the gang of individuals followed me from the bus stop at Sapphire Village Development to my attorney's office. The gang of individuals made

all kinds of threats including "weight"; "you are going to jail;" and "I know and we got you". As such, I am unable to communicate with my attorney for fear that these individuals are listening because the gang of individuals waited for me outside of my attorney's office to harass me. Consequently, I am unable to retain counsel and receive proper legal advice. (Affirm. No. 2017-37, ECF No. 38-1).

Government Interference with My Right to Practice my Religion

FBI's and ICE's official and unofficial agents, Joseph Demarest, Nicholas Gus and Frank Fabio willfully and maliciously conspired, planned and agreed with a gang of individuals that they paid to stalk, harass, intimidate, threaten, block my path, hit me repeatedly with their vehicles and used vulgar language each time that I went to visit Saint Peter and Paul Cathedral. The gang of individuals hit me several times with their cars in the tunnel at Kronprindsens Gade, when I am returning home from church. The gang of individuals waited until I get inside the tunnel across the street from the church and they deliberately and purposely entered the tunnel and hit me deliberately with their cars. For example, March 29, 2017, a man hit me on my shoulder in the tunnel with his vehicle. (Affirm. No. 2017-37, ECF No. 38-1).

Government Interference with My Right to Register to Vote and/or Vote

The FBI's and ICE's official and unofficial agents Joseph Demarest, Nicholas Gus, Frank Fabio and others willfully and maliciously conspired, planned and agreed with a gang of individuals that they paid to prevent me from exercising my right to vote. The gang of individuals deliberately and purposely followed me around, harassed, lunged at the corner of my eyes, made excessive noises and commit assault and battery. Consequently, I was not able

4

to vote in the 2016 Virgin Islands' government elections. They are acting in concert to intimidate to prevent from voting and force me out of the United States because of my race and national origin. (Affirm. No. 2017-37, ECF No. 38-1).

## I WILL SUCCEED ON ALL CLAIMS AGAINST THE DEFENDANTS BECAUSE THEY CONTINUE TO VIOLATE MY CONSTITUTIONAL RIGHTS

<u>Violation of Constitutional Right</u>

Defendants have not informed me of any charges against me or place me in formal custody and defendants also have not read me my constitutional right. However, defendants unlawful and inappropriate conducts have isolated me and significantly limit my liberty, freedom of association, freedom of movement because of the constant and persistent harassment, stalking, threats, excessive noise disturbances, aggravated assault and battery and attempted murder in violation of clearly established constitutional rights of the First, Fourth, Fifth, Sixth and Eighth, Thirteenth and Fifteenth Amendments to the Constitution. Defendants acts and omissions deprived and prevent me from spending time with my family and friends; accessing restaurants, shopping malls, grocery stores, church, beach, street; and obtaining adequate medical care; and travelling interstates. On account of Defendants acts, I have suffered financial expenses of legal fees and medical fees, reputation harm among members of the community, inability to transact business or obtain employment anywhere, inability to secure credit, and personal pain and suffering.

<u>The Government Violated My Right to be represented by Counsel</u>

Defendant U.S. Department of Justice (DOJ),  Federal Bureau of Investigation ("FBI");

Securities and Exchange Commission (SEC), Immigration and Customs Enforcement ("ICE");

Mary Jo White; Jay Clayton; Michael Piwowar; Kara Stein; Jefferson Beauregard Sessions III; Rod

Rosenstein; Preetinder Singh "Preet" Bharara; Joon H. Kim; Joan Laughnane; James Comey;

Andrew G. McCabe; Joseph M. Demarest;  William F. Sweeney Jr ;  Thomas D. Homan; Nicholas

Gus; Frank Fabio collectively "Government" violated the Fifth and Sixth Amendments to the

Constitution by interfering with my right to be represented by a qualified attorney that I can

afford to hire. The government interfered with my right to be represented by counsel of my

own choosing by delaying indictment intentionally to prejudice me, and engaging in unlawful

and inappropriate conducts to coerce and intimidate me from obtaining counsel and deplete

my resources so that I can't afford an attorney of my own choosing. In other word, the

government is trying to leave me naked to my enemies, so that I can't amount an effective

defense to their flimsy charges.

   The Bill of Right provides that "in all criminal prosecutions, the accused shall enjoy the

right…to have the Assistance of Counsel for his defense." *U.S. v. Rosen*, 487 F.Supp.2d 721, 726

(E.D.Va.2007). The court stated that it also means that defendant has the "right to be

represented by an otherwise qualified attorney whom that defendant can afford to hire." Id.

Further, the court explained that an individual as the right to spend his own money to obtain

the advice and assistance of counsel. Id.  In *U.S. v. Stein,* 435 F.Supp.2d 330 (S.D.N.Y.2006), the

court held that the government interfered with defendants Sixth Amendment right to counsel

when the government coerced and pressured defendants' employer (KPMG) to cut off

reimbursement of attorney fees after the employees were indicted. The court reasoned that

the government reckless and unlawful interference with defendants right to counsel would impact the defendants' ability to present the defense they wish to present by limiting the means lawfully available to them. Consequently, the court found that the trial would be unfair to defendant and eventually dismissed all the indictments.

To state a Sixth Amendment claim a plaintiff must establish the following: (1) that they had retained counsel of choice to represent them with funds of their own or funds to which they had a right; (2) that the government wrongfully interfered with their right to be represented by counsel of choice; (3) that the right to be free from government interference with retained counsel had attached at time of the interference; (4) the interference prejudice defendants. *U.S. v. Rosen*, 487 F.Supp.2d 721, 727 (E.D.Va.2007).

1.  Right to be represented with funds of my own

I paid my attorney a retainer using funds that were lawfully available to me. My funds are not subject to any liens or forfeiture by the government.

2.  Wrongful interference

The government interfered with my right to counsel in two ways: (1) by delaying charges and (2) by preventing me from obtaining counsel of my own choosing. First, the government has not informed me of any charges so they can harass, intimidate, threaten and attempt to murder me. As a consequence of these unlawful and inappropriate activities, I have suffered financial expenses of legal fees and medical fees, reputational harm among members of the community, inability to transact business or obtain employment anywhere, and inability to secure credit. Since, I am unemployed, I am forced to use my saving for my legal defense on

7

food, shelter, clothing, medical and legal expenses.  In *U.S. v. Stein*, 435 F.Supp.2d 330, 363

(S.D.N.Y.2006), the court stated, "[t]he imposition of economic punishment by prosecutors,

before anyone has been found guilty of anything, is not a legitimate government interest- it is

an abuse of power." They government is hoping that I would have depleted all my funds by the

time they bring their baseless and meritless charges. The harassment is also designed so that

the government can drive up the risk score for their so-called "Criminal Risk Assessment" to

deny me bail or make bail unaffordable, so they can coerce and pressure me to acquiesce to

their flimsy charges by the threat of been incarcerated.   Second, the government prevented

me from retaining Robert A Eberhart has my attorney to prevent me from putting a stop to the

continuous and on-going harassment and start preparing for my defense. As such, each day

that I visited Mr. Eberhart's office, the government paid a gang of individuals to harass me on

the bus, on the street, make threats of grievous bodily harm and physical and verbal abuse. For

example, November 20, 2015, I visited Robert A Eberhart, in Charlotte Amelie for legal advice

about these unlawful activities and the gang of individuals followed me from the bus stop at

Sapphire Village Development to my attorney's office. The gang of individuals made all kinds of

threats including "weight"; "you are going to jail;" and "I know and we got you". I am unable to

communicate with my attorney for fear that these individuals are listening because the gang of

individuals waited for me outside of my attorney's office to harass me. Consequently, I am

unable to retain counsel and receive proper legal advice. In *U.S. v. Stein*, 435 F.Supp.2d 330, 369

(S.D.N.Y.2006), the court stated, "[i]mproper government conduct has created a significant risk

that the KPMG defendant's ability to present the defense they choose has been compromised."

I am convinced that any defense that I had available to me has been compromised by the

government unlawful and inappropriate conducts because I have not been able to receive sufficient legal advice on any of the government unlawful and criminal activities.

3.   Attachment of the Right

The government interfered with a pre-existing attorney-client relationship when they staled, harassed and intimidated me each time that I went to visit my attorney. The government does not have the right to interfere with a pre-existing attorney-client relationship. *U.S. v. Rosen*, 487 F.Supp.2d 721, 733 (E.D.Va.2007), *U.S. v. Stein*, 435 F.Supp.2d 330 (S.D.N.Y.2006).  Furthermore, the government has already taken an adversarial role toward me, I am a target or subject of an investigation and the government conspired with a gang of individuals to commit assault and battery and unleash dog on me at the airport and beat me with a deadly weapon on a public highway. Therefore, my Constitutional right to spend my lawfully available funds to retain counsel has attached.  "To conclude otherwise would enable the government, which controls the time of indictment, to delay the indictment and hobble an individual's post-indictment ability to retain counsel of choice." Id. That is exactly what the government is up to in the case, they are trying to prevent me from been able to retain competent counsel of my own choosing.

Prejudice

There is no need for a particularized showing of prejudice in the case because the government unlawful conducts have denied me access to a competent attorney of my choice. The court has stated that the denial of counsel is a structural error that would influence the entire judicial proceedings. The court explained that where a "[s]tructural defect exist and

9

prejudice must be presumed when a defendant is actively or constructively denied counsel at a critical stage of the trial." *U.S. v. Stein*, 435 F.Supp.2d 330, 371 (S.D.N.Y.2006).  The government unlawful behaviors have denied me counsel, so they can bring their charges when I can't afford counsel of my own choice.

The injury in this case is similar to plaintiff injuries in *U.S. v. Stein*, 435 F.Supp.2d 330 (S.D.N.Y.2006), in that the government took unlawful actions to prevent defendant from using lawfully available fund for their defense. In stein, the government pressured and coerced KPMG from providing legal fees to its employees. Here, the government engaged in unlawful and inappropriate activities to deplete my funds. The court held that the government unlawful actions violated the Sixth Amendment right to counsel because it denied defendants the use of lawfully available fund. It reasoned that the right to counsel includes the right to use lawfully available fund for a defense. This same reasoning should apply to this case because the government unlawful and inappropriate conducts are intended to deplete my funds and deny me access to counsel. Accordingly, this Court should rule that the government violated the Sixth and Fifth Amendment by engaging in unlawful and criminal activities.

This Court should grant the motion for injunctive relief because the government actions in this case are contrary to the fundamental fairness of the criminal justice system. "No system worth preserving should have to fear that if an accused is permitted to consult with a lawyer, he will become aware of, and exercise those rights. If the exercise of constitutional rights will thwart the effectiveness of a system of law enforcement, there is something very wrong with that system." *U.S. v. Stein*, 435 F.Supp.2d 330, 366 (S.D.N.Y.2006), Judge Kaplan did phenomenal work explaining the fundamental fairness of the criminal justice system and I do

not possess the legal skill to add any more than what he said.  What I do know is that this fundamental fairness concept has been dead long before my case, but this case is the nail on its coffin. When the government paid a gang of individuals to murder a defendant, and obstructed justice that spelled the end of the system. The government would have succeeded in murdering me, if it was not for the brave man and woman of the U.S. Virgin Islands Police Department. Thus, the system of law enforcement is just an empty shell masquerading as fair and just criminal justice system because the government has demonstrated that they are nothing more than criminals and petulant tyrants operating in the fashion of the Ku Klux Klan. Accordingly, this Court should grant me a permanent injunction enjoining defendants from directly or indirectly filing any indictments, charges, fees and fines against me.

<u>The Government Interfere With My Right To Practice My Religion</u>

The government has substantially burdened my right to practice the religion of my choice by conspiring with a gang of individuals that the paid to harass, block my path, commit assault and battery, makes excessive noise disturbances and verbal abused and hit me with their cars each time that I visited St. Peter and Paul Cathedral, downtown, Charlotte Amelie in violation of The Religious Freedom Act and the First Amendment of the Constitution.

The Religious Freedom Act prohibits government interference with an individual right to practice his religion without been substantially burdened by government regulations. 42 U.S.C. Code § 2000bb-1 – (FREE EXERCISE OF RELIGION PROTECTED) state the following:

(a) In General—Government shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability, except as provided in subsection (b).

11

(b) Exception – Government may substantially burden a person's exercise of religion only if it demonstrates that application of the burden to the person:
   1. Is in furtherance of a compelling governmental interest; and
   2. Is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000bb—1. In *Allah v. Menei*, 844 F.Supp.1056, 1062 (E.D.Pa.1994), the court stated

that the "compelling interest test" controls all controversies involving substantial state burdens

on religious practice. See also, *Sherbert v. Verner*, 374 U.S. 398, 83 S.Ct. 1790, 10 L.Ed 2d 965

(1963). Further, the court explained that court must applied this test regarding the relevant

circumstances in each case. Ibid. In Allah v. Menei, 844 F.Supp.1056 (E.D.Pa.1994), the court

found that prison officials burdened plaintiff's right to practice a religious sect (the "Temple of

Islam") that is separate from the Nation of Islam by the application of the Religion Directive and

refusing to recognize plaintiff's religion.

The government burdened my right to practice my religion by willfully and maliciously

conspired, planned and agreed with gang of individuals that they paid to stalk, harass,

intimidate, block my path, make verbal abuse and hit me with their vehicles each time that I

went to St. Peter and Paul Cathedral to pray. The government unlawful and inappropriate

conducts prevented me from attending regular mass on Sundays, receiving communion, Ash

Wednesday and praying because I feared that defendants' callous and indifference toward me

would be exhibited during church services causing massive disruptions. Therefore, I only go to

church when mass services are not held. However, defendants purposely and deliberately

entered the church and blocked my path, used obscene and vulgar language while I am praying,

in complete disrespect of the Lord. Furthermore, Defendants hit me with their vehicles

repeatedly in the tunnel of Kronprindsens Gade, when I am returning home from church.

(Exhibit A). Defendants' unlawful and inappropriate conducts caused me to suffer with humiliation, embarrassment, exasperation, worries, anxiety, severe migraine, and physical and emotional pains.

The government does not have a compelling interest for engaging in this type of unlawful and inappropriate conducts at church. This case is similar to Allah v. Menei, 844 F.Supp.1056 (E.D.Pa.1994) were the government's prison Religion Directive placed a substantial burden on the right of plaintiffs to practice their religion. But in my case the burden is substantially greater because these individuals' conducts are added and abated by federal agents of the FBI, ICE, Joseph Demarest, Nicholas Gus and Frank Fabio who paid them to block my path, make excessive noises, use vulgar language and hit me with their vehicles when I am returning from church. The court reasoned that prison official substantial interest was not apparent on the record to strike a balance between religious freedom and orderly prison. The balance in my case is in favor of religious freedom, because I cannot think of any reasons that would justify the government's vulgar and obscene conducts in a church setting, even though they are murderers. Therefore, this Court should grant the motion for injunctive relief so I can practice my religion in peace.

Government Interfered with My Right to Register to Vote and/or Vote

Defendants ICE, SEC, FBI agents Joseph Demarest, Nicholas Gus, Frank Fabio and other agents violated 52 U.S.C. § 10101 (Voting Right) and the Fifteenth Amendment to the United States Constitution when they paid a gang of individuals to harass, intimidate, commit assault and battery, make excessive noise disturbances and caused me grievous bodily harm to prevent

me from registering to vote and/or voting in the U.S. Virgin Islands government elections in 2016 and to force me out of the United States because of my race and national origin.

52 U.S.C § 10101 makes it unlawful for any person to intimidate, threaten, or coerce any other person for the purpose of interfering with the right of such other to vote. 52 U.S.C § 10101 (b) states in parts:

> No person, whether acting under the color of law or otherwise, shall intimidate, threaten, coerce, or attempt to intimidate, threaten, or coerce any other person for the purpose of interfering with the right of such other person to vote or to vote a she may choose….

52 U.S.C § 10101. Additionally, the Fifteenth Amendment states in relevant part "The right of citizens of the United States to vote shall not be denied or abridged by the United States or by any State on account of race, color, or previous condition of servitude." *American Federation of State, County and Mun. Employees, Council 25 v. Land*, 583 F.Supp.2d 840, 846 (E.D.Mi.2008).  In *U.S. v. McLeod*, 385 F.2d 734, 740, (5th Cir. 1967), the court explained that certain acts may violate section 10101 (b) even though they deprived no one of Constitutional rights. The Court reasoned that acts that entirely within the law may violate the statute if they have the proscribed effect and purpose. Id. In that case, the court concluded that Dallas County interfered with African Americans right to vote when the County arrested and prosecuted a group of African American on baseless charges to coerce, threaten and intimidate them from registering to vote.

To state a claim under Section 10101 (b), plaintiff must establish: (1) that there was an intimidation, threat, or coercion, or an attempt to intimidate, threaten, or coerce, and (2) that the intimidation was for the purpose of interfering with the right to vote. Id. *American*

*Federation of State, County and Mun. Employees, Council 25 v. Land*, 583 F.Supp.2d 840, 846 (E.D.Mi.2008). FBI and ICE federal agents Joseph Demarest, Nicholas Gus, Frank Fabio and others paid a gang of individuals to harass, intimidate, stalk, commit assault and battery, and make excessive noise disturbances at any public accommodation places that I visit to prevent me from exercising my right to register to vote and/or vote. I did not register to vote nor voted in the U.S. Virgin Islands 2016 government elections because of fear that defendants would harass and cause me grievous bodily harm at the voting registration location or the polling station. As such, Defendants constant and persistent harassment interfered with my Constitutional right to register to vote and/or vote.

The Defendants acts of harassment, coercion and intimidation in *U.S. v. McLeod*, 385 F.2d 734, 740, (5th Cir. 1967), is similar to this suit, in that defendants harassed, stalked, assaulted me on the bus and attempted to murder me on the street and threaten me with jail. The court reasoned that "harassment is worked for the most part, not by final judgement of conviction but by mesne process." U.S. v. McLeod, 385 F.2d 734, 748 (5th Cr. 1967). Defendants' continuous harassment, threats, intimidation and grievous bodily harm caused me to worry and fear that I would suffer grievous bodily harm if I attempted to register to vote and/or vote.  As such federal agents of the FBI, ICE Joseph Demarest, Nicholas Gus, Frank Fabio and others violated the Section 10101(b) and the Fifteenth Amendment to the Constitution.

Bivens Claims

The United States Supreme Court's decision in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) made it very clear that Federal employees

15

acting under the color of law of Federal law will be held liable for invasion of Constitutional rights. To state a Bivens claim defendant must establish that (1) plaintiff was deprived of a constitutional right (2) by a federal agent (3) acting under the color of federal authority. Id, *Brown v. Philip Morris Inc*., 250 F.3d 789, 800 (3d Cir. 2001), *West v. Shultz*, 2014 WL 1668093 *11 (M.D.Pa. 2014).  My complaint states that federal agents of the FBI, SEC and ICE, Joseph Demarest, Nicholas Gus, Frank Fabio and other agents deprived me of my right to counsel under the Fifth and Sixth Amendments, my right to practice my religion under the Religious Freedom Act and the First Amendment and my right to vote under the Voting Right Act and the Fifteenth Amendment to the Constitution.  This deprivation includes, but is not limited to the events leading up to surrounding and including stalking, harassment, excessive noise disturbances, assault and battery at public accommodation places including USPS's facilities, St. Mary's and injuries that I have suffered when defendant conspired to beat me with a deadly weapon, interfered with my right to travel and receive adequate medical care.

Defendants FBI, ICE, Joseph Demarest, Nicholas Gus, Frank Fabio and other federal agents violated clearly established constitutional right when they conspired, planned and agreed with a gang of individuals that they paid to harass, intimidate, make threats, make excessive noise disturbances, commit assault and battery, use vulgar language and racial epithet and hit me with their cars to interfere with my right to counsel, my right to practice my religion and my right to vote. Therefore, this claim falls within the scope of longstanding Bivens law. Recently, the Supreme Court, in *Ziglar v. Abbasi*, 2017 WL 2621317 at *15 (June 19, 2017), enumerated the framework for deciding whether a claim alleging constitutional violation fall within the scope of Bivens. The Supreme Court stated that: (1) the First Step is for the court to

16

determine whether claim arises in a "new context," that is whether it involves a "new category of defendants," or a significantly different kind of constitutional harm to speech, or a harm caused to physical property; (2) If the claims involved a new context, the court proceeds to Step Two and asks "whether any alternative existing process for protecting the interest amounts to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages."; (3) If there is none, then the court proceed to Step Three and asked whether there are "any special factors counselling hesitation before authorizing a new kind of federal litigation. Ibid.

The context of this case is not "new", or fundamentally different than previous Bivens cases. First, I am a civilian, not member of the military, I am a citizen of the United States. Second defendants are government official. They are not members of the military or private actors. They are federal agents of the FBI and ICE and Department of Justice officials.

Third, I suffered similar injuries to the plaintiffs in Bivens when defendants harassed, stalked, intimidated, threaten me with jail if I retained counsel. The right to counsel of my on choosing has been clearly established. The court stated that the government violated the Sixth Amendment when it interfered with defendants right to use fund that are lawfully available for their defense. *U.S. v. Stein*, 435 F.Supp.2d 330, 371 (S.D.N.Y.2006).  Here the government's unlawful and inappropriate conducts interfered with my right to retain counsel so that I can deplete my resources before the government brings its charges against me. Second, the government' harassment, stalking, intimidation, verbal abuse and hitting me with their vehicle each time that I went to church violated clearly established constitutional right to practice my religion. The court held that prison officials Religious Directive and refusal to recognize

17

prisoner's religious sect are substantial burden that interfered with the prisoner's right to practice his religions in violation of the First Amendment. *Allah v. Menei*, 844 F.Supp.1056 (E.D.Pa.1994). Here, the government's unlawful and inappropriate conducts of harassing, stalking, hitting me with cars, using obscene and vulgar language at church are substantial burdened that violated my clearly established constitutional right under the Religious Freedom Act, and the First Amendment to the Constitution. Third, the government's harassment, stalking, intimidation, threats, and excessive noise disturbances violated clearly established constitutional right to register to vote and/or vote. The court held that Dallas County interfered with African Americans right to vote when County arrested and prosecuted a group of African American on baseless charges to coerce, threaten and intimidate them from registering to vote. *U.S. v. McLeod*, 385 F.2d 734 (5th Cir. 1967). Here, the government interfered with my right to register to vote and/or vote by harassing, intimidating, threating me with grievous bodily harm, excessive noise and assault and battery in violation of clearly established constitutional right to vote under the Voting Right Act and the Fifteenth Amendment.

### I WILL SUFFER IRREPERABLE INJURY IF RELIEF IS NOT GRANTED

Defendants FBI and ICE and its federal agents Joseph Demarest, Nicholas Gus, Frank Fabio and others will engage in the same unlawful and inappropriate conducts if I choose a different church because defendants purpose is to isolate me by denying me access to counsel of my own choice, church's mass and voting to force me out of the United States. Defendants are federal agents acting under the color of federal law therefore, there is no escape from defendants' harassment, intimidation, force and threats on my way from/to my attorney's office, church, and voting registration offices. Therefore, the injury is the fact that Defendants

18

interfered with my constitutional rights to spend my lawfully available fund to retain counsel of my own choice, my right to practice my religion and my right to register to vote and/or vote. "The cost of constitutional right, for even minimal periods of time, unquestionably constitutes irreparable injury." Elrod v. Burns, 427 U.S. 347, 374, 96 S.Ct.2673, 2690 (1976). Defendants unlawful and inappropriate conducts have deprived and continue to deprive me of my Constitutional rights under the First, Fourth, Fifth, Sixth, Eighth, Night, Thirteenth, Fourteenth, and Fifteenth Amendments to the Constitution and I will suffer even greater irreparable harm if relief is not granted because defendants have now threatened to shoot me if I don't leave the United States. I previously informed this Court that defendants had threatened to crush my skull and cause me grievous bodily harm and March 29, 2017, defendants acted on their threats and beat me on my head and face with a deadly weapon. Also, May 7, 2017, two individuals looked directly at me and stated that "you must want to get your brain blowing" after I pick-up copies of a motion for injunctive relief against Sapphire Village Condominium Owners Association, et al. Therefore, I have no doubt that defendants will shoot me or run me over with a car if this Court does not grant me relief because I am not leaving St. Thomas whether they like it or not.

**DEFENDANTS WILL NOT BE DEPRIVED OF ANY RIGHTS IF THIS COURT GRANT ME RELIEF**

Defendants will not be deprived of any rights, they simply will have to conduct their business, behaviors and investigations in compliance with the United States Constitution.

**THE PUBLIC INTEREST, IF ANY, WEIGHS IN FAVOR OF THE MOVANT**

19

It is in the public interest that this Court should enforced Constitutional rights.

Specifically, when defendants are federal agents that are acting like hoodlums operating in the

fashion of the Ku Klux Klan to deprive me of my constitutional rights.

**REQUEST FOR RELIEF**

WHEREFORE, I request the following relief:

1. For Preliminary and Permanent Restraining Order and Injunctive reliefs including but not

   limited to, an order enjoining defendants DOJ; ICE; FBI; SEC; Mary Jo White; Jay Clayton;

   Michael Piwowar; Kara M. Stein; Rod Rosenstein, Jefferson Beauregard Sessions III;

   Preetinder Singh "Preet" Bharara; Joon H. Kim; Joan Laughnane; James Comey; Andrew

   G. McCabe; Joseph M. Demarest;  William F. Sweeney Jr ; Thomas D. Homan; Nicholas

   Gus; Frank Fabio from taking any steps, to directly or indirectly, interfere with plaintiff,

   Wilnick Dorval's First, Fourth, Fifth, Sixth, Eighth, Night, Thirteenth, Fourteenth  and

   Fifteenth Amendments rights.

Dated: August 10, 2017

/s/ Wilnick Dorval

Wilnick Dorval

6700 Sapphire Village

Apt 265

St. Thomas, 00802

Phone: (917) 602-3354

Dorval.wilnick@gmail.com