UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS

FOR THE

DISTRICT OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| Wilnick Dorval ) | |
|    Plaintiff ) | |
| v. ) | Case No. 2017-37 |
| Jefferson Beauregard Sessions, et al, ) | |
|    Defendants ) | |

**MEMORANDUM OF LAW PLAINTIFF WILNICK DORVAL'S FOURTH MOTION FOR PRELIMINARY AND PERMANENT RESTRAINING ORDER, AND INJUNCTION**

COMES NOW, Plaintiff, Wilnick Dorval, *Pro Se*, states and declares as follows:

<u>Bivens Claims</u>

Defendants FBI, ICE, Joseph Demarest, Nicholas Gus, Frank Fabio and other federal agents violated clearly established constitutional rights when they conspired, planned and agreed with a gang of individuals that they paid to harass, intimidate, make threats, make excessive noise disturbances, commit assault and battery, use vulgar language and racial epithet and hit me with their cars to interfere with my right to counsel, my right to practice my religion and my right to vote. Therefore, this claim falls within the scope of longstanding Bivens law. Recently, the Supreme Court in *Ziglar v. Abbasi*, 2017 WL 2621317 at *15 (June 19, 2017), enumerated the framework for deciding whether a claim alleging constitutional violation fall within the scope of Bivens. The Supreme Court stated that: (1) the First Step is for the court to determine whether claim arises in a "new context," that is whether it involves a "new category

1

of defendants," or a significantly different kind of constitutional harm to speech, or a harm caused to physical property; (2) If the claims involved a new context, the court proceeds to Step Two and asks "whether any alternative existing process for protecting the interest amounts to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages."; (3) If there is none, then the court proceed to Step Three and asked whether there are "any special factors counselling hesitation before authorizing a new kind of federal litigation. Ibid.

The context of this case is not "new", or fundamentally different than previous Bivens cases. First, I am a civilian, not member of the military, I am a citizen of the United States. Second defendants are government official. They are not members of the military or private actors. They are federal agents of the FBI and ICE and Department of Justice officials.

Third, I suffered similar injuries to the plaintiffs in Bivens when defendants harassed, stalked, intimidated, threaten me with jail if I retained counsel. The right to counsel of my choosing has been clearly established. The court stated that the government violated the Sixth Amendment when they interfered with defendants right to use fund that are lawfully available for their defense. *U.S. v. Stein*, 435 F.Supp.2d 330, 371 (S.D.N.Y.2006). Here, the government's unlawful and inappropriate conducts interfered with my right to retain counsel so that I can deplete my resources before the government brings its charges against me. Second, the government's harassment, stalking, intimidation, verbal abuse and hitting me with their vehicles, each time that I went to church violated clearly established constitutional right to practice my religion. The court held that prison officials Religious Directive and refusal to recognize prisoner's religious sect are substantial burden that interfered with the prisoner's

2

right to practice his religions in violation of the First Amendment. *Allah v. Menei*, 844 F.Supp.1056 (E.D.Pa.1994). Here, the government's unlawful and inappropriate conducts of harassment, stalking, hitting me with cars, using obscene and vulgar language at church are substantial burdened that violated my clearly established constitutional right under the Religious Freedom Act and the First Amendment to the Constitution. Third, the government's harassment, stalking, intimidation, threats, and excessive noise disturbances violated clearly established constitutional right to register to vote and/or vote. The court held that that Dallas County interfered with African Americans right to vote when County arrested and prosecuted a group of African American on baseless charges to coerce, threaten and intimidate them from registering to vote. *U.S. v. McLeod*, 385 F.2d 734 (5th Cir. 1967). Here, the government interfered with my right to register to vote and/or vote by harassing, intimidating, threating me with grievous bodily harm, making excessive noise disturbances and committing assault and battery in violation of clearly established constitutional right to vote under the Voting Right Act and the Fifteenth Amendment.

Unlike the plaintiff in Ziglar, I have not been arrested under suspicion of terrorism or national-security emergency. Defendant took unlawful and inappropriate conducts through force and violence to deny me access to counsel of my own choosing, my right to practice my religion and my right to register to vote and/or vote. Therefore, the context of this claim is not "new" defendants violated clearly established constitutional rights.

In addition, my claim also easily meets the requirements for Step Two and Step Three of the Court's framework for determining whether Bivens applies. In Step two the Court determine whether "any alternative, existing process for protecting the interest amounts to a

3

convincing reason for the Judicial Branch to refrain from providing a new and free standing remedy in damages." *Ziglar v. Abbasi*, 2017 WL 2621317 at *15 (June 19, 2017). There are simply no other "alternative, existing process" for the injuries that I suffered by federal agents acting like hoodlums operating in the fashion of the Ku Klux Klan. Since there are no "convincing reason" for not applying Bivens, then the court should proceed to Step Three. In Step three there are none of the "special factors counselling hesitation before authorizing" in this Bivens action.

In Step three the Supreme Court described several special factors that should be considered: (1) the rank of the officers involved; (2) the constitutional right at issue (3) the generality or specificity of the individual action; (4) the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; (5) the statutory or other legal mandate under which the officer was operating; (6) the risk of disruptive intrusion by the Judiciary into the functioning of other branches; (7) or the presence of potential special factors that previous Bivens cases did not consider. *Ziglar v. Abbasi*, 2017 WL 2621317 at *15 (June 19, 2017). These factors all sums up to the point that Bivens should not apply to policy-related actions taken in times of national-security need, such as during war or national-security emergency. As far as I know there is no war here and we are certainly not in a state of national-security emergency in St. Thomas, U.S. Virgin Islands. Furthermore, I am not a terrorist and posed no threat to national security or anyone. I was employed by the Federal Reserve Bank of New York for approximately three years, until 2014 and they conducted an extensive background investigation prior to hiring me. That is the reason why defendants have not brought their meritless and baseless charges. Also, I have made myself very clear that I intend

to exercise my right to remain silent and to have an attorney. So, defendants engaged in these unlawful activities to coerce, intimidate and deplete my resources to deny me access to counsel of my choice. But, I am convinced that Defendants unlawful actions and complete disregard for human life posed a greater threat to this country and the world population. Therefore, this Court should ask defendants to put up their charges or leave me be.  Nevertheless, this Court should conclude that none of the special factors are applicable to this claim because: (1) The rank of the officers involved here are irrelevant because none of the defendant have qualified immunity because federal agents violated clearly established constitutional rights when they used a deadly weapon on my head and face, harassed, intimidated, blocked my path, hit me repeatedly with their vehicles, made excessive noise disturbances, used vulgar and obscene language at church.  The high ranking official of the DOJ, FBI, SEC and ICE had prior knowledge of the conspiracy because they authorized, approved, funded, supervised added and abetted the plan to murder me on a public highway, harassed, intimidate, threaten, hit me repeatedly with vehicles and used of vulgar language at church (2) The constitutional right at issue in this claim is the same as the rights at issue in previous Bivens cases, invidious discrimination and physical and verbal abuse (3) The generality or specificity of the individual action. Defendants deliberately and purposely used a deadly weapon to injure me, attempted to run me over on the road, assault and harass me when I am going to church and to my attorney's office, disconnected vital medical equipment all because defendants want to drive me out of the United States because of my race and national origin.  Those allegations are sufficient to state a Bivens claim (4) The extent of judicial guidance is very clear: first, there is an extensive list of cases that states that government officials violated the Sixth Amendment when they denied

5

defendant his choice of counsel. *U.S. v. Stein*, 435 F.Supp.2d 330 (S.D.N.Y.2006); second congressional statute and cases made it very clear that the government violated the First Amendment when they imposed burdened on the right to practice religion unless the government has a compelling interest. *Allah v. Menei*, 844 F.Supp.1056 (E.D.Pa.1994). Here, the government does not have compelling interest in criminal conducts; third, statute and cases made it clear that the right to register to vote and/or vote is violated when another person used threats, assault and battery to coerce and intimidate to interfere with a person vote. *U.S. v. McLeod*, 385 F.2d 734 (5th Cir. 1967). (5) The statutory (or other) legal mandate under which the officer was operating is irrelevant here because defendants were not engaged in any legitimate DOJ, SEC, FBI and ICE's activities because they repeatedly hit me with their vehicles, blocked my path, made excessive noise disturbances and used vulgar language at church (6) Risk of disruptive judicial intrusion in this case is necessary to prevent ongoing and continuous violation of clearly established constitutional rights. Furthermore, it is the only way to deter individual federal officer from employing the same scheme to deprive another person of constitutional rights. This will not be a onetime scheme, they will use it again on another person once the precedent is set (7) Other potential special factors are not present in this claim besides the fact that defendants are blood thirsty murderers.

*Immunity*

None of the federal employees are entitled to absolute or qualified immunity on any of the claims because they violated clearly established Constitutional rights. Cabinet officers or other high executive officials are not entitled to absolute and/or qualified immunity when they violate clearly established statutory or Constitutional rights of which a reasonable person would

6

have known. In *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct.2806, 86 L.Ed.2d 411 (1985), the Supreme Court explained that the Constitutional right violated must have been established at the time of the challenged actions. The Supreme Court provided a two steps process for determining whether an official is entitled to qualified immunity. *Addison v. City of Baker City*, 2017 WL 2821942 *9 (D.Or.2017). The first step is to determine whether a constitutional right would have been violated on the fact alleged and the second step is to determine whether the right was clearly established. Id. Further, to determine whether an official's conducts violates clearly established law, "a court must ask whether it would have been clear to a reasonable officer that alleged conduct was unlawful in the situation he confronted." Ziglar 2017 WL 2621317 at *24. In *Mitchell,* 472 U.S. 511, US Attorney General Mitchell authorized a wireless wiretap aimed at gathering intelligence regarding a domestic threat to national security and the Supreme Court concluded that, "the Attorney General is not absolutely immune from suit for damages arising out of his allegedly unconstitutional conduct in performing his national security functions." The Supreme Court explained that Mitchel was not entitled to qualified immunity because he was not acting in a prosecutorial capacity when he authorized the wiretap. Nevertheless, the Supreme Court concluded that Mitchel was entitled to absolute immunity because warrantless wiretap was not clearly established as a violation of the Fourth Amendment when Mitchell acted. In my case, it is well established government interference with the right to counsel violated the Sixth Amendment. *U.S. v. Stein*, 435 F.Supp.2d 330 (S.D.N.Y.2006); government interference with the right to practice my religion violated the Religious Freedom Act and the First Amendment. *Allah v. Menei*, 844 F.Supp.1056 (E.D.Pa.1994) and finally government interference with the right to vote violate the Voting Right Act and the

7

Fifth Amendment. *U.S. v. McLeod*, 385 F.2d 734 (5th Cir. 1967). Therefore, none of the Federal agent and high executive officials are immune from liability for any of the claims.

*Conspiracy*

Defendants conspiracy is among federal agents of the FBI, SEC, ICE, DOJ, JetBlue, USPS, St. Mary's Medical Center, Moe's Fresh Market and Sapphire Village Condominium Owners Association, owners, tenants and a gang of individuals to violate clearly established Constitutional rights. Therefore, this is not a conspiracy among federal employees of the same branch of the government and in the same department. JetBlue, St. Mary's Medical Center, USPS, Moe's Fresh Market, the Association and some members of the gang of individuals are not part of the executive branch of the government or in the same department. Furthermore, in this case there is no far reaching policy of national security detention. Therefore, they are subject to a private cause of action for damages under all claims including violation of the First, Fourth, Fifth, Sixth Eight, Thirteenth, Fourteenth, and Fifteenth Amendments, section 1985(3) and Bivens.

Racketeer Influenced and Corrupt Organizations Act (RICO)

Defendants violated various provisions of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1962 (b) (c) and (d). The Act imposes civil liability upon persons who commit certain "prohibited activities." Each "prohibited activities" is defined to include, proof of a "pattern of racketeering activity,", 18 U.S.C. § 1962. "Racketeering activity" means "any act or threat involving" specified state-law crimes, any "act" indictable under specified federal statutes and certain federal "offenses," 18 U.S.C. § 1961 (1). A "pattern"

requires "at least two acts of racketeering activity" within a 10-year period. 18 U.S.C. § 1961 (5). To state a RICO claim plaintiff must establish: (1) existence of an enterprise; (2) that the enterprise affected interstate commerce; (3) that defendant was employed by or associated with the enterprise; (4) that he participated, either directly or indirectly, in the conduct of the affairs of the enterprise; and (5) that he participated through a pattern of racketeering activity. Further, a pattern of racketeering activity requires at least two predicate acts of racketeering. *Aamco Transmissions, Inc. v. Marino*, 1990 WL 106760 (E.D.Pa.1990), *Lum v. Bank of America*, 361 F.3d 217, 223 (3d Cir. 2004). The court stated, "An association in fact consisting of a corporation, its employees, and independent parties may constitute an enterprise for the purpose of RICO." *Aamco Transmissions, Inc.*, 1990 WL 106760 *3 (E.D.Pa.1990). Further, the court explained that a single scheme is sufficient to satisfy the element of a pattern of racketeering activity, and the nexus with interstate commerce required by RICO is minimal. Ibid.

The complaint alleged that ICE SEC and FBI are RICO "enterprises" as defined in 18 U.S.C. § 1961 (4). At all relevant times, the FBI, SEC and ICE were engaged in, and its activities affected, interstate commerce. The SEC regulates the securities exchanges and the FBI and ICE are federal agencies that operate and contract for services in many states. Further, Defendants were federal employees of the FBI, SEC and ICE at all relevant times. The individual defendants committed and conspired with one another and others to commit, repeated and continuous offenses chargeable under Federal and Territorial law and punishable by imprisonment for more than one year, over the period of time from October 2015 to presently, each of which constitutes "racketeering activity" under 18 U.S.C. § 1961(1)(A), including but not limited to acts or threats involving attempted murder, obstruction of justice and bribery.

Each instance of racketeering activity had similar purpose, namely to intimidate and force me out of the United States while they assist, encourage, protect and conceal the present and future criminal activities of federal agents Joseph Demarest, Nicholas Gus and Frank Fabio and other agents to foster mutual pecuniary gain amongst Joseph Demarest, Nicholas Gus and Frank Fabio and others by bribe and otherwise, and to gain praise, recognition, prestige and social and professional status for Joseph Demarest, Nicholas Gus and Frank Fabio.

Furthermore, The DOJ, FBI, SEC and ICE themselves through their supervisory employees, Jefferson Beauregard Sessions III; Rod Rosenstein; Preetinder Singh "Preet" Bharara; Joon H. Kim; Joan Laughnane; James Comey; Andrew G. McCabe; Joseph M. Demarest; Marie Jo White; Jay Clayton; Michael S. Piwowar; Kara M. Stein; Megan Brennan; Ronald Stroman; Thomas D. Homan; Nicholas Gus; Frank Fabio were an "aggressor" employer, in that at all relevant times, and as a regular pattern and practice, it willfully disregarded, facilitated and encouraged, by direct actions and by fostering an encouraging environment, added and abated the racketeering and otherwise unlawful acts of Joseph Demarest, Nicholas Gus, Frank Fabio and others and the collective unlawful acts.

I am injured by defendants' individual and collective violations of 18 U.S.C. § 1962, as described above. As such, I suffered, among other pecuniary losses, loss of wages and benefits, loss of earning capacity, loss of future business and employment opportunities and a loss of Constitutional rights.

In Aamco Transmissions, Inc., 1990 WL 106760 (E.D.Pa.1990), the court found similar facts as stated above sufficient to state a RICO claim for violations of 18 U.S.C. §§ 1962(b), (c) and (d).

*§ 1962 (b) Violation*

Section 1962(b) makes it unlawful for a person (1) to acquire or maintain, either directly or indirectly, (2) any control or interest (3) of an enterprise that engages in or affects interstate commerce (4) through a pattern of racketeering activity. Aamco Transmissions, Inc., 1990 WL 106760, *5 (E.D.Pa.1990).

The complaint alleged that from October 2015 through presently, defendants through a pattern of racketeering activity, acquired or maintained, directly or indirectly, an interest in the RICO enterprises. The pattern of racketeering includes, attempted murder, vehicular homocide, bribery, obstruction of Justice and other crimes. These allegations are sufficient to stablish a claim under § 1962 (b).

*§ 1962 (c) Violation*

To establish a claim for Section 1962 (c), a plaintiff must show: (1) the existence of an enterprise affecting interstate commerce; (2) that defendant was employed by or associated with the enterprise; (3) that the defendant participated, either directly or indirectly, in the conduct or the affairs of the enterprise; and (4) that he participated through a pattern of racketeering activity consisting of at least two racketeering acts.Id, *Sedima, S.P.R.L. v. ImRexCo.*, 473 U.S. 479, 496, 105 S.Ct. 3275, 87 L.Ed. 2d 346 (1985).

The complaint alleges that at all time material to this complaint defendants were employed by or associated with the RICO enterprises. Defendants conducted or participated directly or indirectly in the conduct of the enterprise's affairs through a pattern of racketeering activity as that term is defined in 18 U.S.C. § 1961 (5). These allegations are sufficient to stablish a claim under § 1962 (b).

*Conspiracy to Violate RICO*

To establish a conspiracy claim under § 1962 (d), the plaintiff must show that: (1) defendants made an agreement to engage in racketeering activity in violation of section 1962 (b), or (c); (2) defendant took some over act in furtherance of the conspiracy; and (3) defendants possessed knowledge that the act was part of the conspiracy. Aamco Transmissions, Inc., 1990 WL 106760, *5-*6 (E.D.Pa.1990).

The complaint alleges by realleging and incorporating the remainder of the complaint the existence of the same enterprises and that the participants in those enterprises conspired and agreed to acquire and maintain an interest in or control of the enterprises identified through a pattern of racketeering activity already alleges. These overt acts were in furtherance of the conspiracy and defendants had knowledge that such acts were in furtherance of the conspiracy.  Therefore, the complaint alleges sufficient facts to establish a claim for conspiracy to violate RICO under § 1962 (d).

The complaint alleges by realleging and incorporating the remainder of the complaint the existence of an enterprise and the participants in the RICO enterprises conspired and agreed to participate directly or indirectly in the conduct of the enterprises' affairs through a

12

pattern of racketeering activity, in violation of § 1962 (c). These overt acts were in furtherance of this conspiracy and that defendants had knowledge that these acts were part of or in furtherance of the conspiracy. The complaint alleges sufficient facts to establish a claim for conspiracy under § 1962 (d).

<u>INTENTIONAL EMOTIONAL DISTRESS CLAIMS</u>

To state a claim for intentional emotional, distress a Plaintiff must show that the Defendant's conduct was "so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized society." *Joseph v. Sugar Bay Club & Resort, Corp*., 2014 WL 1133416 at *3 (V.I.Super.2014). Defendants committed assault and battery, blocked my path, made excessive noise disturbances, hit me repeatedly with their vehicles and used vulgar and obscene language at church.  Additionally, Defendants continued to harass, and make racial derogatory remarks, as such Defendants conducts are extreme and outrageous. On account of Defendants' extreme and outrageous conducts, I suffered and will continue to suffer with severe physical and emotional pains, humiliation, anxiety and worries. Accordingly, Defendants' extreme and outrageous conducts caused me to suffer with severe physical and emotional pain.

Dated: August 10, 2017

/s/ Wilnick Dorval
Wilnick Dorval
6700 Sapphire Village
Apt 265
St. Thomas, 00802


Phone: (917) 602-3354

Dorval.wilnick@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I am causing this document to be filed electronically by this Court's CM/ECF system, the court will send a notification of this filing to all electronic filing users, and I hereby certify that I mailed an exact copy of this document, by first class U.S. Mail on the following:

1. Jefferson Beauregard Sessions III
   U.S. Department of Justice (DOJ)
   950 Pennsylvania Av, NW
   Washington, DC 20530-0001
2. Preetinder Singh "Preet" Bharara
   U.S. District Attorney's office for the Southern District of New York
   1 St. Andrew's Plaza
   New York City, NY 10007
3. Joon H. Kim
   U.S. District Attorney's office for the Southern District of New York
   1 St. Andrew's Plaza
   New York City, NY 10007
4. Joan Laughnane
   U.S. District Attorney's office for the Southern District of New York
   1 St. Andrew's Plaza
   New York City, NY 10007

5. James Comey

    Federal Bureau of Investigation

    935 Pennsylvania Ave NW

    Washington, D.C. 20535-0001

6. Andrew G. McCabe

    Federal Bureau of Investigation

    935 Pennsylvania Ave NW

    Washington, D.C. 20535-0001

7. Joseph M. Demarest

    Federal Bureau of Investigation, New York Office

    26 Federal Plaza, 23rd Floor

    New York, NY 10278

8. William F. Sweeney Jr

    Federal Bureau of Investigation, New York Office

    26 Federal Plaza, 23rd Floor

    New York, NY 10278

9. Mary Jo White

    U.S. Security and Exchange Commission

    100 F Street, NE

    Washington, DC 20549

10. Jay Clayton

    U.S. Security and Exchange Commission

    100 F Street, NE

    Washington, DC 20549

11. Thomas D. Homan

    U.S. Immigration and Customs Enforcement

    500 12th, Street SW

    Washington, D.C. 20536

12. Nicholas Gus

    Federal Bureau of Investigation, New York Office

    26 Federal Plaza, 23rd Floor

    New York, NY 10278

13. Frank Fabio

    U.S. Immigration and Custom Enforcement

    970 Broad St, Room 1300

    Newark, NJ 07102

14. United States Attorney's Office

    Civil Process Clerk

    Federal Building and U.S. Courthouse

    Room 260

    5500 Veterans Drive

    St. Thomas, V.I. 00802-6424


Dated: August 10, 2017


/s/ Wilnick Dorval

Wilnick Dorval

6700 Sapphire Village

Apt 265

St. Thomas, 00802

Phone: (917) 602-3354

Dorval.wilnick@gmail.com