**UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS**

**FOR THE**

**DISTRICT OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| Wilnick Dorval | ) | |
| Plaintiff | ) | |
| v. | ) | Case No. 2017-37 |
| Jefferson Beauregard Sessions, et al, | ) | |
| Defendants | ) | |

**PLAINTIFF WILNICK DORVAL'S FIFTH MOTION FOR PRELIMINARY AND PERMANENT**

**RESTRAINING ORDER, AND INJUNCTION**

COMES NOW, Plaintiff, Wilnick Dorval, *Pro Se*, moves this Honorable Court pursuant to Rule 65 of Federal Rule of Civil Procedures to issue a Preliminary and Permanent Restraining Order and Injunction on defendants US Department of Justice (DOJ); Security and Exchange Commission (SEC);  Federal Bureau of Investigation ("FBI"); Immigration and Customs Enforcement ("ICE"); District Attorney's Office for the Southern District of New York; Jefferson Sessions; Rod Rosenstein; Mary Jo White; Jay Clayton; Michael Piwowar; Kara M. Stein; Joon Kim; Joan Laughname; Thomas Homan; Andrew McCabe; Joseph Demarest; William Sweeney Jr; Nicholas Gus; Frank Fabio; and other unknown federal agents (hereinafter "the government") to enjoin Defendants from taking any further unlawful and inappropriate actions to deprive me directly or indirectly my housing rights under the Fair Housing Act of 1968, as amended in 1988, 42 U.S.C § 3601, et seq, U.S Virgin Islands Law Against Discrimination, V.I.

1

Code Ann. tit. 10, §64 and 42 U.S.C. §§ 1981 and 1982 because of discrimination based on race, national origin, and interference with fair housing rights.

FBI, ICE federal agents Joseph Demarest, Nicholas Gus and Frank Fabio and other agents conspired, planned and agreed with the Association Village Owners Association, owners, and tenants to make excessive noise disturbances to drive me out of my home and the United States because of my race and national origin. The government provided indemnity, and paid the Association, owners, and tenants with taxpayers' dollars to make excessive noise disturbances day and night that completely impaired my apartment. The Association, owners and tenants agreed to participate in the conspiracy for several reasons: (1) the Association and/or some of the owners have been indicted or under FBI and/or IRS investigation for tax evasion (2) others want to improve their immigration status with Immigration and Costume Enforcement (ICE) (3) the Association, owners, and tenants are racist and don't want to have a black male leaving next door to their business. Also, none of the neighbors are employed so they are home all day and night and their only job is to make excessive noise disturbances to force me out of my home and the United States because of my race and national origin.

The government is using tax payer money to fund its unlawful and inappropriate conducts at Sapphire Village Development. They conspired, planned and agreed with the Association, and owners to use taxpayer dollars to pay for repairs on the buildings at Sapphire Village Development to create massive noise disturbances to force me out of my home and country. In addition, they paid for repairs in the owners' apartments after the tenants and/or owners damage the apartment as a result of the banging and loud screaking noise disturbances that they are purposely and deliberately causing. The government has accessed to unlimited tax

2

payer dollars. Therefore, the government can afford to harass and make excessive noise disturbances until I am dead. Accordingly, this Court should grant me an injunction to enjoin the government's unlawful and inappropriate conducts.

## THIS COURT HAS BOTH SUBJECT MATTER AND PERSONAL JURISDICTIONS FOR CLAIMS ALLEGING VIOLATIONS OF 42 U.S.C SECTIONS 3601-3619 and 1981 and 1982

The United States District Court of the Virgin Islands for the Division of St. Thomas and St. Johns has subject matter jurisdictions over this action pursuant to 28 U.SC §1331, §1332, §1343 and 42 US.C. 3613. The claims arose under the laws of the United States, specifically Fair Housing Act of 1968, 42 U.S.C. 3601-3619, and 42 U.S.C. §1981 and §1982.

## STANDARD FOR GRANTING PRELIMINARY RESTRAINING ORDER

This Court should grant plaintiff's motion for preliminary and permanent restraining order and injunction because I have established all four elements for injunctive relief including, a prima facie case and irreparable injury requirements for injunctive relief that are supported with evidence and affirmation. (Affirm. No. 2017-37, ECF No. 40-1). Plaintiffs seeking injunctive relief must establish that (1) they are likely to succeed on the merits of their claims (2) they are likely to suffer irreparable harm without relief (3) the balance of harms favors them, and (4) relief is in the public interest. *Issa v. School District of Lancaster*, 2017 WL 393164, at *6 (3rd Cir. 2017). Further, to establish the requirement for injunctive relief "the movant needs only prove a "prima facie case," not a 'certainty' she'll win." Id. The movant needs to only demonstrate a reasonable probability of success. Id.

## SUMMARY OF FACTS

I rent apartment 265 at 6700 Sapphire Village, St. Thomas, 00802 since October 1, 2015, from Emad O'Baidi. Starting on about October 5, 2015, the FBI, ICE agents Joseph Demarest, Nicholas Gus and Frank Fabio paid my neighbors and a gang of individual to engage in a pattern of harassment, invidiously motivated and backed by Sapphire Village Condominium Owners Association ("Association") to which Defendants belong, to force me out my home because of my race (Black) and national origin (Haitian).

Since October 5, 2015, federal agents of the FBI and ICE, Joseph Demarest, Nicholas Gus, Frank Fabio and others conspired, planned and agreed with the Association and the neighbors to willfully, wantonly, negligently and recklessly disable the screen-door closer on the screen-doors in all the apartments in the St. Vincent building.  Consequently, they slammed the screen door when it closes making blurring noise disturbances that reverberated throughout my apartment. In addition, the government conspired, planned and agreed with Joanne Levesque (273), Bernard Vansluytman (266), Madlon Jenkins-Rudziak (274), Lourdes Cordero and Thomas Cordero (257) to deliberately and purposely make excessive noise disturbances day and night for more than 2 to 3 hours at a time that completely impaired my apartment. In pursuant of their conspiracy, Mathew Swope (273), Jonathon Morgan (266), James Koulouris (274) deliberately and purposely made loud banging and screaking noise disturbances for more than 2 to 3 hours and they deliberately and purposely slammed the doors repeatedly day and night. Indeed, Lourdes and Thomas Cordero own apartment 257 in the St. Vincent building and used it as a vacation rental throughout the year. They rented and continued to rent that apartment to FBI and ICE agents and people that the government paid to deliberately and purposely make excessive noise disturbances to drive me out of my home and the United States because of my

race and national origin. Furthermore, James Koulouris and other ICE agents that occupied and visited Madlon Jenkins-Rudziak's apartment deliberately and purposely made and continued to make loud banging and screaking sounds that impaired my apartment day and night. (Affirm. No. 2017-37, ECF No. 40-1).

In addition, the government and the Association purposely and deliberately targeted the St. Vincent building for four major repairs in about six months to target my apartment for construction noise disturbances by stationing the construction crew, Aerial platform, and equipment underneath my bedroom window. Also, the government and Association deliberately and purposely conspired, planned and agreed for the maintenance staff to performed gardening and landscaping by my apartment area around 7 a.m. to cause massive noise disturbances that interfered with my sleep and rest. (Affirm. No. 2017-37, ECF No. 40-1).

In pursuant of their conspiracy, the neighbors and agents stalked and engaged in criminally aggressive and predatory conducts such as: lunging at the corner of my eyes and flicking their heads each time that I looked up; following me inside and outside of the Sapphire Village Development; further, the neighbors broke the door knob to my front door twice; they drew graffiti and left food and a chair in front of my apartment door; a white male neighbor threw a water bottle at my head from the Dominica building, that is part of the Development; while I was walking on the beach a white male threaten to "beat the shit out of me" while his family and he were flicking their heads; the neighbors yelled racial epithets, slurs and threats at me "go home or you will die here."; Jacqueline Lindberg appeared each time I exited my apartment and stated that it would be like 666 if I stay here; November 9, 2016, I went to Sapphire Village Development's office to complain about excessive noise disturbances that

emanated from Joanne Levesque's apartment all night and limited me to 2 hours of sleep. In the office, one of the white neighbors stated, "new administration." She was referring to the fact that Donald Trump won the election and implied that the neighbors are now allowed to make excessive noise disturbances to drive me out of my home because of my race and national origin.  In addition, a white male neighbor in apartment 269 stated "I really don't like you." "you better walk away…. that's right walk away from here." And "that black guy is a bum" and "he wears the same clothes every day." And he followed me to the post office. (Affirm. No. 2017-37, ECF No. 40-1).

Furthermore, since filing this complaint the government conspired, planned and agreed with the Association and neighbors to retaliate against me by starting multiple major construction repairs on the St. Vincent building and two surrounding buildings. The government and the Association began construction noises about 7 a.m. and end at about 6 p.m. The loud constructions noises that included banging and drilling completely impaired my apartment for the entire day. In addition, the neighbors make excessive noises that woke me from sleep around 6 a.m. thereby limiting me to three hours of sleep per day to drive me out of my home and the United States because of my race and national origin.

As a consequence of FBI, ICE, Joseph Demarest, Nicholas Gus, Frank Fabio, the Association and the neighbors' racist conducts and aggressive behaviors, I have been unable to use and enjoy my apartment since October 5, 2015, because of the excessive noise disturbances. Also, I have been unable to enjoy my balcony, or any amenities at Sapphire Village Development, including the two pools, restaurant, lounge and Sapphire Beach because of the constant stalking and harassment. (Affirm. No. 2017-37, ECF No. 40-1).

I submitted daily complaint to the Association about the neighbors' racial harassment and excessive noise disturbances. But, February 24, 2016, the Association's Attorney Michael Fitzsimmons sent me a letter stating that the Association does not and will not investigate nor resolved my racial harassment complaints about the neighbors 's criminally aggressive and predatory conducts, including excessive noise disturbances. Furthermore, Mr. Fitzsimmons sent two letters to Mr. O'Baidi, May 26, 2016 and June 8, 2016, threatening to take legal actions on behalf of the Association and two neighbors unless Mr. O'Baidi evict me out of my home.  In addition, Mr. Fitzsimmons made false statements and racial profiled me and predicted that I will commit criminal acts such as assault and battery because of my race (Black) and national origin (Haitian). (Affirm. No. 2017-37, ECF No. 40-1).

## I WILL SUCCEED ON ALL CLAIMS AGAINST THE DEFENDANTS BECAUSE THEY CONTINUED TO VIOLATE THE FAIR HOUSING ACT, FEDERAL AND VIRGIN ISLAND CRIMINAL CODE

### 42 U.S.C. § 3604 CLAIMS

The government violated 42 U.S.C. § 3604 when they conspired, planned, funded and agreed with the Association and neighbors to make excessive noise disturbances all day and night that prevented me from using my apartment as attended, since October 5, 2015, and when Defendants attempted to coerce, intimidate and threaten to take legal action against me and my landlord for not evicting me out of my home because of my race and national origin. 42 U.S.C. § 3604 prohibits discrimination during and post-acquisition of a rental dwelling base on race, color, religion, sex, familial status or national origin. Further, 42 U.S.C. § 3604 makes it unlawful to:

(a) Refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status or national origin.
(b) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin.

The term "make unavailable" includes actual eviction, constructive eviction, or attempted constructive eviction. *George v. Colony Lake Property Owners Assn't,* 2006 WL 1735345 at *2 (N.D.ILL.2006) and *Halprin v. The Prairie Single Family Homes of Dearborn Park Association, et al.,* 388 F.3d 327 (7th Cir.2004). Further, in *Jackson v. Comberg*, 2007 WL 277418 (M.D.Fla. August 22, 2007), the court held that the prohibitions under § 3604(b) of the Fair Housing Act applies to discriminatory conducts during the rental of the property but not after the sale of home because a rental arrangement involves an ongoing relationship between the landlord and tenant, unlike the sale of a home which is a single event.

To state a claim under Section 3604(b) a Plaintiffs must show that (1) they have rights protected under the Fair Housing Act; (2) defendants have engaged in discriminatory conducts; and (3) as a result of defendant's discriminatory conduct, plaintiffs have suffered a distinct and palpable injury. *Hicks v. Makaha Valley Plantation Home Owners Ass'n*, 2015 WL 4041531 at *10 (D.Hi.2015). In *George*, 2006 WL 1735345 (N.D.ILL.2006), the court found that Plaintiffs, African American, would be evicted because the Home Owners Association amended the by-laws to bar renters which would make the rental of the dwelling "unavailable" to Plaintiffs under Section 3604.

I am black and Haitian born naturalized citizen of the United States and I rent apartment 265 at Sapphire Village. The government conspired, planned, paid and agreed with

the Association and occupants of Joanne Levesque's, Bernard Vansluytman's, Madlon Jenkins-Rudziak's, Lourdes and Thomas Cordero's apartments to purposely and deliberately make excessive noise disturbances during the day and at night for hours to force me out of my home because of my race (Black) and national origin (Haitian) and they have made my bedroom "unavailable" to me since October 5, 2015.  In addition, the government and the Association's excessive construction noise disturbances made my apartment unavailable for six months from 8:00 a.m. through 6:00 p.m. Furthermore, the government and the Association and the neighbors conspired, planned and agreed to send two letters threatening legal actions to coerce, intimidate, and pressure my landlord to evict me from my home, because of my race and national origin.  The Association and the neighbors perceived that my race and national origin are unprofitable for their rental business. The government, Association and the neighbors violated § 3604 by making excessive noise disturbances that deprived me of the use of my apartment and bedroom and when they threaten legal actions, including eviction against me and my landlord to make my home "unavailable" to me, similar to the amendment that the Association made to its By-laws in *George*, 2006 WL 1735345 (N.D.ILL.2006) to make the dwelling "unavailable" to African American renters. On account of defendants' unlawful and inappropriate conducts, I suffer with severe migraine, exhaustion, nausea, severe physical and emotional pains.

## 42 U.S.C § 3617 CLAIMS

The government conspired, planned, paid and agreed with the Association and the neighbors to create a hostile environment for me at Sapphire Village Development. In pursuant of their conspiracy the neighbors engaged in a pattern of criminally aggressive and predatory

behaviors to force me out of my home, because of my race (Black) and national origin (Haitian).

As such Defendants interfered with my Fair Housing rights. Section 3617 states that:

> It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of having exercised or enjoyed, or on account of his having aided or encourage any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title.

42 U.S.C § 3617. To state a claim under Section 3617, plaintiff must show that: (1) she is a protected individual under the FHA, (2) she was engaged in the exercise or enjoyment of her fair housing rights, (3) the defendants coerced, threatened, intimidated, or interfered with the plaintiff on account of her protected activity under the FHA, and (4) the defendants were motivated by an intent to discriminate. *Revock v. Cowpet Bay West Condominium Association*, 853 F.3d 96, 113 (3d Cir. 2017). The court defined the term "interference" as more than "a simple quarrel between neighbors or the isolated act of harassment committed by the landlord, but rather it is "a pattern of harassment, invidiously motivated." Id, *Halprin v. The Prairie Single Family Homes of Dearborn Park Association, et al*., 388 F.3d 327 at 330 (7th Cir.2004).

In *Ohana v. 180 Prospect place Realty Corp*., 996 F.Supp. 238 (E.D.N.Y.1998). The court held that Plaintiffs had already exercise their rights to fair housing when they rented the property and that Defendants intentionally interfered with the enjoyment of these rights because of Plaintiffs' race, religion and national origin. Defendants engaged in a series of discriminatory acts against Plaintiffs because of their race (Hebrew), religion (Jewish), and national origin (Middle Eastern) in the form of racial and anti-Jewish slurs and epithets, threats of bodily harm, and noise disturbances. For example, Defendants banged on the walls and hammered loudly while hollering 'Jews move', at around 2:00 a.m. and 2:30 a.m.  In that case,

the court stated, "It is simply about holding one accountable for intentionally intruding upon the quietude of another's home because of that person's race, color, religion, sex, familial status or national origin." Id.

I am black and Haitian born U.S. naturalized citizen. I rent apartment 265 at Sapphire Village Development. The government conspired, planned, paid and agreed with the Association and my neighbors to make excessive noise disturbances and engaged in a series of discriminatory acts against me based upon my race (Black) and national origin (Haitian). These acts took the form of racial slurs and epithets, vandalism to my apartment, threats of bodily harm, assault and battery, stalking and excessive noise disturbances. This case is similar to *Ohana,* 996 F.Supp. 238 (E.D.N.Y.1998), in that it is more than a simple quarrel between neighbors but a series of discriminatory acts that are intended to force me out of my home because of my race and national origin. Like Defendants in *Ohana* that made noise disturbances late at night, the government, Association and my neighbors continued to purposely and deliberately make loud banging, screaking and stumping sounds day and night for more than 2 to 3 hours at time and November 9, 2016, one of the neighbors stated, "there is a new administration" (i.e. Donald Trump). Another stated that "you better walk away from here." and that "this black guy is a bum… he wears the same clothes every day."  Therefore, the government, Association and the neighbors interfered and continued to interfere with my Fair Housing rights because of my race and national origin, similar to Defendants in Ohana.

In addition, the government conspired, planned, paid and agreed with the Association and neighbors to create a hostile environment for me at Sapphire Village Development. To state a hostile housing environment claim based on race discrimination against a management

company or condominium association, a plaintiff would have to show that: (1) she was subject to unwelcome harassment based on race; (2) the harassment was sufficiently severe or pervasive to deprive her of her right to enjoy her home; and (3) the management company or condominium association knew or should have known of the harassment question and failed to take prompt remedial action. *Hicks*, 2015 WL 4041531, at *11 (D.Hi.2015), and *Reeves v. Carrolsburg Condominium Unit Owners Ass'n*., 1997 WL 1877201, at *7 (D.D.C. Dec. 18, 1997). The government's, Association's and neighbors' excessive noise disturbances, stalking, threats of bodily harm, assault and battery, blocking my path, lunging at the corner of my eyes with military precision and flicking their heads are all unwelcome harassments. The government's and the neighbors' harassments are intentional because their behaviors are well organized and synchronized to military precisions in that Defendants knew exactly where to be on the roads, parking lots, and walkways, when to lunged and ran quickly to get to a certain spot. Accordingly, the government's and my neighbors' racially motivated behaviors are severe and pervasive because the harassment is on-going and continuous. As such, I still have not been able to enjoy my apartment, balcony, run around the Sapphire Village Development for exercise, use the swimming pools, lounge and Sapphire Beach. The Association have known of my racial harassment complaints because I sent them a letter everyday describing the neighbors' racial statements and excessive noise disturbances. However, the Association has not investigated nor resolved my racial discrimination complaints. On account of defendants' unlawful and inappropriate conducts, I suffer with severe migraine, exhaustion, nausea, severe physical and emotional pains.

42 U.S.C § 1981 CLAIMS

The government, Association and the neighbors interfered with my lease agreement when they attempted to coerce, intimidate and threaten to file legal actions against me and the landlord for not evicting me out of my home because of my race (Black) and national origin (Haitian). 42 U.S.C § 1981 provides that:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981. To state a claim under § 1981, Plaintiffs must show that (1) they are members of a racial minority; (2) the Association had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statutes. *George*, 2006 WL 1735345 at *3 (N.D.ILL.2006). I am black and of Haitian national origin. I rent apartment 265 at Sapphire Village. The government, Association and the neighbors discriminated against me when they sent letters to my landlord on May 26, 2016 and June 8, 2016, that characterized me as a criminal and falsely accused me of criminal conducts that never occurred to coerce, intimidate and pressure my landlord to evict me because the government wanted to drive me out of my home and the United States because of my race and national origin.  The government and the Association interfered with my lease agreement in the following ways: coercing and threatening my landlord so he can evict me because of my race and national origin; refusing to enforce By-laws, rules and regulations against my white neighbors; and acted aggressively when my white neighbors complained about purported noise emanating from my apartment, after they rigged their screen door-closer to cause blurring noise disturbances. Accordingly, the government, Association and neighbors violated section

1981. On account of defendants' unlawful and inappropriate conducts, I suffer with severe

migraine, exhaustion, nausea, severe physical and emotional pains.

42 U.S.C § 1982 CLAIMS

The government and the Association conspired, planned and agreed to violate section

1982, when they acted with racial animus to deprive me of my right to live and lease my

apartment. Specifically, the Association refused to enforce its By-laws, Rules and Regulations

and investigate my racial harassment complaint against the neighbors.

To state a claim under Section 1982 a "[p]laintiffs must allege that (1) Defendant had a

racial animus, (2) intended to discriminate against the Plaintiffs, and (3) deprived the Plaintiffs

of protected rights because of the Plaintiffs' race." *George v. Colony Lake Property Owners

Assn'n,* 2006 WL 1735345 at *3 (N.D.ILL.2006). The government paid and indemnified the

Association to not enforce its bylaws, rules and regulations.  Therefore, the government and

Association violated Section 1981 and 1982 in the following ways: (1) failing to enforce

provisions of its bylaws, rules and regulations and resolutions against my white neighbors,

specifically, Joanne Levesque, Matthew Swope, Jonathon Morgan, Bernard Vansluytman, Nora

Ibrahim, Madlon Jenkins-Rudziak, Lourdes Cordero and Thomas Cordero; (2) by failing to act on

my complaints of racial harassment in the same manner in which they acted on complaint and

rules violations not showing involving racial harassment. Specifically, the Association acted

zealously and aggressively when the neighbors complained in October 2015, about purported

noise emanating from my apartment. They sent Mark Marolf, Property Manager, security guard

and the police to my apartment twice; and (3) by tolerating and facilitating the harassment.

14

Further, the Association has done nothing about the excessive noise disturbances emanating from Joanne Levesque's, Bernard Vansluytman's, Madlon Jenkins-Rudziak's, Lourdes and Thomas Cordero's apartments, even though I sent management excessive noise and racial harassment complaints every day. "These claims are based not on her neighbor's racism, but on defendants' failure to investigate and resolve her complaint of racial harassment." *Bradley v. Carydale Enterprises*, 707 F.Supp.217, 224 (E.D.Va.1989) and "[t]hat failure, if proven, abridged plaintiff's right to enforce her lease contract and would, therefore, come within the explicit terms of §§ 1981 and 1982's protective scope." Id.  On February 24, 2016, the government conspired, planned and agreed with the Association's attorney, Michael Fitzsimmons, to send me a letter stating in pertinent part that the Association does not and will not investigate my racial harassment complaints about the neighbors. The Association's tolerance of the neighbors' racial harassment is evidence of Defendants' discriminatory intent. Such toleration therefore interfered with my right to enforce and enjoy my lease agreement. On account of defendants' unlawful and inappropriate conducts, I suffer with severe migraine, exhaustion, nausea, severe physical and emotional pains.

CIVIL AND CRIMINAL CONSPIRACY CLAIMS

The government, Association and neighbors acting in cahoots deliberately and purposely rigged the screen door-closer to all the apartments in the St. Vincent building to cause the screen door to slam when it closes creating blurring noise disturbances that reverberated throughout my apartment day and night to force me out of my home because of my race and national origin. "'Under Virgin Islands law, a civil conspiracy consists of an agreement or combination to perform a wrongful act that results in damage to the plaintiff. A

conspiracy may also consist of an agreement to do a lawful act by unlawful means.'" *Whitecap Investment Corp. V. Putnam Lumber & Export Co.*, 2013 WL 1155430 at *13 (D.VI.2013). All Defendants individually or collectively negligently, recklessly, intentionally conspired with the Association and neighbors to remove parts of the screen door-closer or cause the screen door-closer of all the apartments in the St. Vincent building to malfunction. The screen door-closer consists of a spring and an air cylinder that controls the rate of closing of the screen door and it slammed without either one. Since, the government paid the Association, owners and tenants who are in only possession and control of the screen door and screen door-closer, they deliberately and purposely rigged the screen-door closer to cause blurring noise disturbances. Furthermore, all the Defendants knew that the screen door slammed when it closes because of the blurring noise disturbances, including defendant Sidney Jarvis, President of the Association's Board of Directors. As such, all Defendants deliberately and purposely slammed their screen doors to cause severe and intense noise disturbances that reverberated throughout my apartment to force me out of my home because of my race and national origin. On account of defendants' unlawful and inappropriate conducts, I suffer with severe migraine, exhaustion, nausea, severe physical and emotional pains.

*Supervisory Defendants*

Supervisory defendants Jefferson Beauregard Sessions, Rod Rosenstein, Preetinder Singh "Preet" Bharara; Joon H. Kim, Joan Laughnane, James Comey, Andrew G. McCabe, Mary Jo White, Jay Clayton, Michael S. Piwowar, Kara M. Stein, William F. Sweeney Jr., Joseph Demarest, Thomas D. Homan and Frank Fabio each a supervisory official of the DOJ, FBI, ICE, SEC and the District Attorney's office for the Southern District of New York were in positions to

16

prevent the implementation of the conspiracy because defendants, organized, planned, funded, provided indemnity for liability, legal advice, aided, counseled and supervised the activities of federal agents of the FBI and ICE, Association, Association's agents, servants and/or employees, owners, and tenants, in support of their conspiracy to make excessive noise disturbances, intimidate, harass, commit assault and battery, and block my path to force me out of my home and the United States. Supervisory defendants neglected and refused to prevent the conspiracy by authorizing, approving, funding, counseling and assisting the FBI, SEC and ICE federal agents, Association, owners and tenants. October 2016, I went to the U.S. Department of Justice Attorney's Office for District of the Virgin Islands and filed a complaint with the Department of Justice about the unlawful activities of the gang of individuals at Sapphire Village Development and Moe's Fresh Market and provided the DOJ with a copy of both complaint that I filed. On account of defendants' conducts I have suffered humiliation, worries, anxieties, mental anguish severe migraine, and severe physical and emotional pains.

<u>NUISANCE CLAIMS</u>

V.I. Code Ann. tit. 28, § 331, (Private nuisance; damages; warrant to abate; injunction) provides for a cause of action when one's property or enjoyment of property is affected. Both damages and injunctive relief are available. U.S. Virgin Islands' courts defined private nuisances as "a substantial, unreasonable, interference with another's interest in the private use and enjoyment of their property". *Bermudez v. Virgin Islands Telephone Corp*., 2011 V.I. LEXIS 6, at *34, 2011 WL 321000 (V.I. Super.2011). Since October 5, 2015, the government conspired, planned, paid and agreed with the Association, occupants of Joanne Levesque's, Bernard Vansluytman's, Madlon Jenkins-Rudziak's, Lourdes and Thomas Cordero' apartments to

purposely and deliberately make loud banging, screaking and stumping sounds day and night for more than 2 to 3 hours at time. Further, Defendants rigged their screen door-closer to cause blurring noise disturbances each time the screen door closes to force me out of my home because of my race and national origin. In addition, Defendants have and continued to slam their front doors repeatedly day and night for hours. Consequently, the excessive noise disturbances completely impaired my apartment.

Furthermore, Defendants have known about my excessive noise disturbance complaints because, Mark Marolf sent me an e-mail December 9th and 19th, 2015, stating that he spoke to the owners and tenants of apartments 273 and 257 about my excessive noise complaints.

Additionally, the Association had four major repairs on the St. Vincent building more than any other building in the Sapphire Village Development to target my apartment for excessive noise disturbances. The construction noises caused my apartment to vibrate and deprived me of my apartment from approximately 9:00 a.m. through 6 p.m. for more than 6 months. Consequently, I suffered with severe migraine, exhaustion, chest pains, difficulty breathing, nose bleed, severe physical and emotional pains.

**I HAVE SUFFERED IRREPERABLE INJURY AND FURTHER IRREPERABLE INJURY WILL OCCUR IF RELIEF IS NOT GRANTED**

The excessive noise disturbances that the government, Association and occupants of Joanne Levesque's, Bernard Vansluytman's, Madlon Jenkins-Rudziak's, Lourdes and Thomas Cordero's apartments have caused me to suffer with nose bleed, nausea, vomiting, chest pains, severe migraine, exhaustion and severe physical and emotional pains. Defendants are waking

me out of sleep every 15 to 20 minutes for more than 2 to 3 hours at a time, each time that I

fall back to sleep because I am exhausted and cannot keep my eyes open. The process of

constantly been awakened out of sleep is causing me to suffer with physical pain, including

chest pains, difficulty breathing, nausea, vomiting, severe migraine that last for an entire day or

more, exhaustion and nose bleed.  Therefore, it is foreseeable that I will suffer cardiac arrest or

brain damage when the neighbors woke me suddenly out of sleep by loud banging and

slamming of the doors.

**DEFENDANTS WILL NOT BE DEPRIVED OF ANY RIGHTS IF THIS COURT GRANT ME RELIEF**

The government will have to conduct its investigation in compliance with the

Constitution. The government will simply be enjoined from acting in cahoots to harass,

intimidate and make excessive noise disturbances to prevent me from using and enjoying my

apartment because of my race (Black) and national origin (Haitian). There is no legal purpose

for the government to have collectively tempered with the screen door-closer in the St. Vincent

building to cause blurring noises that reverberated throughout my apartment day and night.

They are simply trying to drive me out of my home because of my race and national origin.

**THE PUBLIC INTEREST, IF ANY, WEIGHS IN FAVOR OF THE MOVANT**

It is in the public interest that everyone has accessed to housing without harassment,

intimidation and discrimination because of race and national origin.

**REQUEST FOR RELIEF**

WHEREFORE, I request the following relief:

1.  For Preliminary and Permanent Restraining Order and Injunctive reliefs including but not limited to, an order enjoining defendants DOJ; ICE; FBI; SEC; District Attorney's Office for the Southern District of New York; Mary Jo White; Jay Clayton; Michael Piwowar; Kara M. Stein; Rod Rosenstein, Jefferson Beauregard Sessions III; Preetinder Singh "Preet" Bharara; Joon H. Kim; Joan Laughnane; James Comey; Andrew G. McCabe; Joseph M. Demarest;  William F. Sweeney Jr ; Thomas D. Homan; Nicholas Gus; Frank Fabio Sapphire from taking any steps, to directly or indirectly, interfere with my fair housing rights, and emanating any unreasonable noise or sound of any kind.

Dated: August 10, 2017


/s/ Wilnick Dorval

Wilnick Dorval

6700 Sapphire Village

Apt 265

St. Thomas, 00802

Phone: (917) 602-3354

Dorval.wilnick@gmail.com